Martin, J. sitting for Harper, J.
delivered the opinion of the Court.
I can readily suppose, that embarrassments, similar to that which grew out of the facts stated in this case, may occur, and that it may be difficult, if not impracticable, to avoid them by the strictest caution. Yet I am not aware, that this Court can do more, than to leave the parties to the sound discretion of the presiding Judge, and to their legal remedies. That a witness, who fails to attend and testify when required by the forms of the law, subjects himself to punishment for a contempt, and to an action by the party injured by his absence, no one will question. It is true, that the latter of these remedies may afford a very inadequate, and the former no remuneration for the loss sustained ; yet while few would undertake to extend the prevailing rules, all will acknowledge the evils which would, almost invariably, ensue from their enlargement, even if the power existed. , In this case, however, I feel no difficulty, because it is very questionable, whether the witness was subpoenaed. The probability is that he was not. He was not, therefore, in contempt ; and it is not likely that he could be made to suffer, in an .action by the defendant, for his non-attendance.
The second ground cannot avail the defendant. The damages were a question purely for the jury, and I know of no case, where a new trial has been granted for excessive damages, in an action for tort, unless they were so palpably so, as to produce *578 the conviction, that the jury must have been influenced by extrinsic circumstances, not connected with the case. But here,, the presiding Judge reports, that he was satisfied with the verdict j and this, of itself, under the facts of this case, is conclusive against the motion on this ground.
In hearing the defendant’s argument on the additional ground, I do not understand the Court as admitting the right to produce affidavits, and assign on them, grounds for new trial, in cases such as this. The principle contended, for, if adopted, and carried out, would lead ultimately to an assumption of the power on the part of this Court, to inquire into the process of reasoning, by which the jury have arrived at their verdict; and if, on analyzing it, it were found incorrect, to set the verdict aside on that ground. I take it for granted, that in this regard, the jury are wholly independent of the Court, and have a discretion, almost, if not altogether, boundless, as was said by the Court in Dinkins v. Debruhl, 2 N. & M. 85. They are not bound to assign reasons for their verdict, and in determining whether the latter be correct or not, the result, and not the mode of reaching it, is to be examined. The reasons which influence them may be as various as their countenances. Most of them might not stand the test of analysis, and yet their conclusion do strict justice between the parties. It is not necessary to extend this view of the case, to show into what inextricable difficulties the principle, contended for on behalf of the defendant, would lead. .
I would not be understood as saying, that in no case will the Court interfere on account of what transpires in the jury-room. There can be no question, but that a jury, in their investigation of a case, may be guilty of misconduct so gross, and of violations of law so obviously manifest, as to subject themselves to the animadversion of the Court, and their verdict to its control.. But it is in those cases only, that this Court will interfere ; and the policy of hearing complaints against them of lesser character may at least be doubted. The motion is refused.