22061

Ex parte SOUTH CAROLINA PRESS ASSOCIATION, Aiken Communications, Inc., The State and Southeastern Newspapers Corporation. In re The STATE of South Carolina, Plaintiff, v. Paul F. KOON, Defendant. SOUTH CAROLINA PRESS ASSOCIATION, Aiken Communications, Inc., Columbia Newspapers, Inc. and Southeastern Newspapers Corporation, Appellants, v. Honorable Max A. MEEK, Sr., Respondent.

(314 S. E. (2d) 321)

Supreme Court

*Jay Bender,* of *Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for appellants South Carolina Press Association and Columbia Newspapers, Inc.*

*Julian B. Salley, Jr.,* Aiken, *for appellant Aiken Communications, Inc.*

*W. Hale Barrett* and *David E. Hudson,* Augusta, Ga., *for appellant Southeastern Newspapers Corporation.*

*James M. Holly, Asst. Atty. Gen.,* Columbia, *for respondent, Honorable Max A. Meek, Sr.*

*Michael L. Johnson,* and *James E. Whittle, Jr.,* Aiken, *for Paul F. Koon.*

*C. Wesley Smith,* Aiken, *for Aiken County.*

*Robert J. Harte,* Aiken, *Sol. for Aiken County.*

Heard Feb. 20, 1984.

Decided March 21, 1984.

HARWELL, Justice:

Respondent Max A. Meek, an Aiken County Magistrate, ordered that the preliminary hearing of Paul F. Koon, against whom the State sought the death penalty, be closed to the press and the public. We reverse. The record does not contain sufficient findings to support the magistrate's ruling.

Our recent decision in *Steinle & Multimedia, Inc. v. Lollis*, 279 S. C. 375, 307 S. E. (2d) 230 (1983), controls here. In *Steinle*, we held that excluding the press is a "drastic measure" which requires "express findings upon the record."

The magistrate in the present case apparently considered the defendant's right to a fair trial as well as the rights of the press and the public. However, he failed to state specific reasons for his conclusion that the press should be excluded. The only reason we can glean from the record for his ruling is his fear that potential jurors exposed to media reports of the preliminary hearing would become biased.

We realize that balancing constitutional rights is no easy task. Nevertheless, in order to exclude the press from a preliminary hearing, a magistrate must make specific findings on the record to support his ruling.

We accordingly vacate the order under appeal. It is not necessary to address appellants' other assertions of error.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.