23641

Ex parte THE ISLAND PACKET and The Beaufort Gazette, Appellants. In re CHRISTOPHER F., a minor Under the Age of Seventeen, Defendant.

(417 S.E. (2d) 575

Supreme Court

---

*Jay Bender*, of *Baker, Barwick, Ravenel & Bender*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Amie L. Clifford*, Columbia, and *Sol. Randolph Murdaugh, III*, Hampton, *for respondent.*

*Kathy D. Lindsay,* of *Garber, Baldwin, Fairbanks & Lindsay,* Beaufort, *guardian ad litem, for defendant*

Heard March 9, 1992.

Decided April 27, 1992.

MOORE, Justice:

This appeal is from a family court order denying appellants access to transcripts of two hearings held in a juvenile matter and closing a pending hearing in the same case. We reverse.

## FACTS

Defendant Christopher F. was fifteen years old when he was charged in juvenile petitions with murdering his father and stepmother. A detention hearing, closed to the public, was held in family court on May 2, 1990. A transfer hearing, also closed to the public, was began May 18 in family court and continued to June . May 23, appellants (Newspapers) filed a request for access to the transfer hearing scheduled for June and for transcripts of the May 2 and 18 hearings. A hearing was held June 8 to consider Newspapers' request for access which was denied. The transfer hearing was held later that day and was closed to the public.

## ISSUES

1. Is access to a hearing transcript barred by failure to challenge closure of the hearing before it is held?
2. Who bears the burden of proof in determining whether closure should be allowed?
3. Was closure in this case properly allowed?

## DISCUSSION

The family court ruled Newspapers' request for access to transcripts of the May 2 detention hearing and the May 18 transfer hearing was not timely because Newspapers did not challenge closure of those hearings before they were held. Newspapers contend access should not be barred on this procedural ground. We agree.

The request for a transcript implicates the same first amendment rights that protect the public's access to the actual proceeding. *See Press-Enterprise Co. v. Su-*

*perior Court*, 478 U.S. 1, 106 S. Ct. 2735, 92 L. Ed. (2d) 1 (1986) (*Press-Enterprise (II)*); *see also State v. Sinclair*, 275 S.C. 607, 274 S.E. (2d) 411 (1981). We hold the fact that closure of the hearing was unchallenged at the time is not a bar to consideration of a request for access to a transcript of the hearing.

Newspapers also contest the family court's ruling they had the burden of proof in challenging closure of the transfer hearing and the finding that closure was justified.

In *Press-Enterprise (II), supra,* the United States Supreme Court set out the analysis to be applied in determining whether the First Amendment requires public access to a criminal proceeding when the accused opposes it. First, the threshold inquiry is whether there exists a right of access to the particular type of proceeding in question. 106 S. Ct. at 2740. In making this determination, the court may consider (1) whether the proceeding has historically been an open one and (2) whether public scrutiny plays a significant role in the functioning of the proceeding. *Id.*[1]

Once there has been a threshold determination that a qualified[2] First Amendment right of access applies to the particular proceeding, the court must then consider whether the rights of the accused override it. 106 S. Ct. at 2741. To justify closure, the court must make specific findings that closure is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* Where the accused asserts his right to a fair trial to justify closure, the court must make specific findings (1) that there is a substantial probability of prejudice from publicity that closure would prevent and (2) there are no reasonable alternatives to closure that would adequately protect the defendant's fair trial rights. 106 S. Ct. at 2743.

We hold under *Press-Enterprise (II)* the accused who opposes the public's right of access bears the burden of proof to justify closure. This allocation of the burden of proof is consistent with the general rule that "[c]losed pro-

---

[1] For instance, in non-jury matters the public's presence is considered a safeguard against the "overzealous prosecutor" and the "eccentric judge." 106 S. Ct. at 2742.

[2] "[E]ven when a right of access attaches, it is not absolute." 106 S. Ct. at 2740.

ceedings . . . must be rare and only for cause shown that outweighs the value of openness." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 104 S. Ct. 819, 823, 78 L. Ed. (2d) 629 (1984) (*Press-Enterprise (I)*).

The family court properly found a qualified right of access to the transfer hearing as previously held by this Court in *Ex parte Columbia Newspapers, Inc.*, 286 S.C. 116, 333 S.E. (2d) 337 (1985). In denying Newspapers' request for access, however, the family court found: (1) publicity would affect the defendant's right to a fair trial; and (2) confidential information regarding the defendant's psychiatric status would be revealed. It also noted the defendant's "anxiety" about press coverage.

Under the *Press-Enterprise (II)* analysis, we find none of these findings sufficient to justify closure here.

First, the record does not support a finding of a substantial probability of prejudice from publicity since extensive details had already been disclosed in the press regarding the defendant and the crimes with which he was charged. Second, a reasonable alternative to closure would be in camera testimony regarding matters of a confidential nature. Finally, lessening a defendant's "anxiety," even a juvenile's, does not promote a higher value than protection of the public's constitutional right of access.

Accordingly, we hold the family court erred in refusing Newspapers' request for access to the transcripts of the May 2 and May 18 hearings and in closing the June 8 hearing.

Reversed.

HARWELL, C.J., CHANDLER and FINNEY, JJ., and JOHN P. GARDNER, Acting Associate Justice, concur.