482 S.E.2d 556

**Ex parte The GREENVILLE NEWS and The Anderson Independent–Mail, Intervenors–Appellants.**

**In re William H. BELL, Jr., Applicant,**

**v.**

**Parker EVATT, Commissioner of the Department of Corrections, Respondent.**

**No. 24586.**

Supreme Court of South Carolina.

Heard Jan. 9, 1997.

Decided March 3, 1997.

Rehearing Denied April 21, 1997.

2

Carl F. Muller, Wallace K. Lightsey, and John C. Moylan, III, Wyche, Burgess, Freeman & Parham, P.A., Greenville, for appellant The Greenville News.

Jay Bender of Baker, Barwick, Ravenel & Bender, Columbia, for appellant The Anderson Independent–Mail.

Howard W. Paschal, Jr., Greenville; and Mark Olive, Tallahassee, FL, for applicant.

Attorney General Charles Molony Condon, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Robert F. Daley, Jr., for respondent.

Assistant Attorney General Christie Newman Barrett, for amicus curiae State of South Carolina.

MOORE, Justice:

Appellants (Newspapers) are intervenors in William Bell's post-conviction relief (PCR) action. They appeal an order refusing them access to a sealed portion of the PCR record. We reverse.

## FACTS

William Bell was sentenced to death for the 1988 murder of an Anderson County school principal. His conviction and death sentence were affirmed on appeal to this Court in 1991. *State v. Bell,* 305 S.C. 11, 406 S.E.2d 165 (1991). Bell then commenced this PCR action. Based on information received in an anonymous phone call to defense counsel, Bell alleged juror misconduct had occurred during his trial and sought discovery. On August 9, 1994, Judge Ervin entered a consent order allowing depositions of jurors. This order was subsequently sealed by order of the court with consent of counsel on August 16. On September 19, Judge Ervin ordered that the depositions of jurors taken pursuant to his August 9 order, along with depositions of other persons concerning the conduct of the jury, be sealed. Counsel also consented to this order.

Depositions were taken as ordered. Jurors who were deposed were assured their depositions would be kept confidential. After depositions were taken, a closed hearing was held before Judge Macaulay on January 8 and 9, 1996, to determine whether juror testimony would be allowed at the PCR hearing regarding the alleged juror misconduct. Judge Macaulay concluded the allegations of juror bias and extraneous influences were unsupported by the evidence. Accordingly, he ruled the proffered evidence regarding juror misconduct was inadmissible.[1]

---

1. Juror testimony regarding internal misconduct is generally inadmissible to impeach a verdict except when necessary to ensure fundamental

4

The next day, January 10, counsel for Newspapers moved before Judge Macaulay to intervene in the action to request access to a transcript of the closed hearing held January 8 and 9, the order sealing the file, and the matters under seal. Newspapers alternatively suggested a redacted copy of the transcript of the closed hearing be released. The State then agreed to unsealing the record with the names of jurors redacted. On January 15, 1996, Judge Macaulay issued an order denying access and finding redaction inadequate to protect the jurors' privacy. This appeal follows.

## ISSUE

Whether Newspapers were erroneously denied access to a transcript of the hearing regarding alleged juror misconduct and the sealed record?

## DISCUSSION

In *Press–Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984), the United States Supreme Court held a "presumption of openness" applies to pre-trial jury voir dire proceedings. Because openness enhances both fairness and the appearance of fairness, this presumption allowing public access may be overcome only by an overriding interest based on findings that closure is (1) essential to preserve higher values and (2) is narrowly tailored to serve that interest. 464 U.S. at 509–11, 104 S.Ct. at 824. The Court noted, however, that a juror may have a legitimate privacy interest which may be protected by closing the hearing and redacting the transcript of the proceedings. 464 U.S. at 512, 104 S.Ct. at 825. The Court recognized a juror's compelling privacy interest in deeply personal matters which that juror has legitimate reasons for keeping out of the public domain. 464 U.S. at 511, 104 S.Ct.

---

fairness. *State v. Hunter*, 320 S.C. 85, 463 S.E.2d 314 (1995); *see also* Rule 606(b), SCRE effective September 3, 1995. Based on our review of the record, we concur in Judge Macaulay's ruling that the proffered evidence was inadmissible.

at 824–25.[2]

Following *Press–Enterprise Co.*, the Third Circuit Court of Appeals recently held the same presumption of openness applies to post-trial hearings regarding alleged juror misconduct in order to promote fairness and the appearance of fairness. *United States v. Simone*, 14 F.3d 833 (3d Cir.1994).[3] Similarly, we hold the presumption of openness applies in this case. Accordingly, closure is proper only if it is essential to preserve higher values and is narrowly tailored to serve that interest. *Press–Enterprise Co.; Ex parte: The Island Packet*, 308 S.C. 198, 417 S.E.2d 575 (1992). Further, the burden is on the party opposing access to justify closure. *Island Packet, supra; Davis v. Jennings*, 304 S.C. 502, 405 S.E.2d 601 (1991). The request for a transcript or access to a sealed record implicates the same First Amendment rights that protect the public's access to the actual proceeding. *Island Packet, supra; Davis v. Jennings, supra.*

In determining whether there exists a higher value in juror privacy in this case, we first note the personal information involved here is not simply background information revealed during juror voir dire but regards conduct in connection with jury service. In favor of preserving juror privacy, however, we consider the fact this conduct occurred during the jurors' personal time while sequestered and did not involve their function as jurors. Further, we have reviewed the sealed record in its entirety and find Judge Macaulay properly ruled the alleged juror conduct did not affect the deliberations or actual verdict in this case. Under the particular facts of this case and because jurors were assured their depositions would be confidential based on Judge Ervin's order sealing the record, we conclude the allegations can be disclosed and juror privacy preserved by disclosure of the sealed information with redaction of jurors' names and identifying information. *See United States v. Edwards*, 823 F.2d 111 (5th Cir.1987) (where

**2.** The Court speculated that a legitimate privacy interest may be implicated, for instance, by voir dire questioning regarding rape of the juror or a family member. 464 U.S. at 512, 104 S.Ct. at 825.

**3.** *But see United States v. Edwards*, 823 F.2d 111 (5th Cir.1987) (holding no presumption of openness applies to *mid-trial* hearings into juror misconduct because of the disruptive effect on the ongoing trial).

6

transcript will reveal substance and significance of the issues, usefulness of releasing jurors' names is highly questionable). Redaction also satisfies the requirement that closure be narrowly tailored.

Accordingly, we reverse the order denying access to the sealed portion of the PCR record. The sealed record will be open to the public for inspection after redaction by this Court.

**REVERSED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.