329 S.C. 31 (1998)
495 S.E.2d 423
Ex parte FIRST CHARLESTON CORPORATION, d/b/a WCINews Channel Four, Evening Post Publishing Company, d/b/a The Post and Courier, Appellants.
In re The STATE of South Carolina, Respondent,
v.
Mark EVANS, Respondent.
No. 24735.
Supreme Court of South Carolina.
Heard March 18, 1997.
Decided January 12, 1998.
*32 Thomas S. Tisdale, Jr., Stephen P. Groves, and Stephen L. Brown, all of Young, Clement, Rivers & Tisdale, Charleston, for Appellant First Charleston Corporation.
D.A. Brockington, Jr., and John J. Kerr, of Brockington, Brockington & Kerr, Charleston, for Appellant Evening Post Publishing Company.
Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General, G. Robert DeLoach, III, Columbia, for Respondent State of South Carolina.
Andrew J. Savage, III, and Lionel S. Lofton, Charleston, for Respondent Mark Evans.
*33 MOORE, Justice:
Appellants appeal the trial judge's closure of a bond hearing. We vacate the order.

FACTS
This case involves the trial judge's sua sponte closing of a bond hearing in a criminal trial. On March 7, 1996, the trial judge closed a bond hearing for attorney Mark Evans. Evans was charged with felony driving under the influence, reckless homicide, murder, and leaving the scene of an accident. This case was being closely followed by the media and general public. Following the closed hearing, Evans was released on a bond of $125,000 contingent on house arrest daily from 9:00 p.m. till 6:00 a.m., random drug testing, and counseling.
Prior to the closed hearing, the trial judge stated he had spoken with the attorneys for the State and Evans in chambers. He then stated he believed information which may come out at the bond hearing may be prejudicial and inadmissible at trial. The trial judge denied WCIV-TV News Channel Four's (WCIV's) motion to allow public access. WCIV requested a continuance which was also denied. After the closed hearing, WCIV filed a written motion seeking a full evidentiary hearing on the issue of closure; attendance at all proceedings in this case; and recision of orders limiting press access. Alternatively, WCIV requested a transcript of the closed bond hearing. On March 21, 1996, WCIV and appellant Evening Post Publishing Company (Post Courier) filed a notice of appeal of the trial judge's oral order. A written order was issued on May 13, 1996. In his written order, the trial judge denied the press access to transcripts of the closed hearing and entered a gag order on those persons who were present at the closed hearing. Finally, the trial judge stated a transcript of the hearing would not be made available until after Evans' trial or when it would no longer prejudice him. WCIV and Post-Courier appealed.

ISSUE
Did the trial judge err in closing the hearing to the public?

*34 DISCUSSION

During the closed hearing, the State presented evidence that five days after the accident and two days after Evans was initially released on a $5,000 bond, blood and urine analysis by SLED revealed that Evans had used cocaine within the previous forty-eight hours. The State argued Evans was a danger to the community because he had used cocaine after he was released on bond without restrictions. Evans did not dispute this information. In fact, he proposed that he be placed on house arrest, his driving restricted, and a higher bond set.
In Ex parte Island Packet, 308 S.C. 198, 417 S.E.2d 575 (1992), we addressed whether the family court erred in denying appellants access to transcripts of two hearings held in a juvenile matter and closing a pending hearing in the same case. We applied the United States Supreme Court's decision in Press-Enterprise Co. v. Superior Court of California, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) (Press-Enterprise II) wherein the United States Supreme Court set out the analysis to be applied in determining whether the first amendment requires public access to a criminal proceeding when the accused opposes it. The threshold inquiry is whether there exists a right of access to the particular type of proceeding in question. Press-Enterprise II, 478 U.S. at 7-9, 106 S.Ct. at 2740. There is a presumption of openness applied to preliminary pre-trial hearings. Id.[1]
Secondly, to justify closure, the court must make specific findings that closure is "essential to preserve higher values and is narrowly tailored to serve that interest." Where the accused asserts his right to a fair trial to justify closure, the court must make specific findings (1) that there is a substantial probability of prejudice from publicity that closure would prevent and (2) there are no reasonable alternatives to closure that would adequately protect the defendant's fair trial rights. Press-Enterprise (II), 478 U.S. at 13-15, 106 S.Ct. at 2743. Whether a trial judge erred in closing a hearing *35 depends on the particular facts of each case. Further, through voir dire, a trial judge could identify those jurors whose prior knowledge would disable them from rendering an impartial verdict. Id.
Here, the trial judge stated he was closing the bond hearing because publicity of the information regarding Evans' drug usage following the accident "most probably would have prejudiced [Evans] or influenced public opinion" and the evidence would probably be inadmissible at trial. The trial judge then ruled he did not know of any other alternatives. However, the trial judge could have used voir dire to determine any jurors who may have been prejudiced by the information disclosed during the hearing. Further, the record does not support a finding of a substantial probability of prejudice from publicity since extensive details had already been disclosed in the press regarding the defendant and the crime with which he was charged.
In addition, the trial judge did not make any specific findings of fact as set forth in Island Packet and Press-Enterprise (II). In several cases, we have vacated orders closing hearings when the trial judge has failed to set forth specific findings on the record. See e.g. Ex parte Columbia Newspapers, Inc., 286 S.C. 116, 333 S.E.2d 337 (1985) (family court's conclusory statement that openness would have an adverse effect upon rehabilitation is not a sufficient finding); Ex parte South Carolina Press Association, 281 S.C. 52, 314 S.E.2d 321 (1984) (general statements that potential jurors would be biased if exposed to information are not specific findings); Steinle v. Lollis, 279 S.C. 375, 307 S.E.2d 230 (1983) (trial judge must make specific findings on record).
We take this opportunity to admonish the bench and bar that the procedures we set forth in Island Packet, supra, and reiterate in this opinion, must be followed for a trial judge to properly order the closure of a hearing. Because the trial judge did not follow the procedure set forth in Island Packet and did not make specific findings of fact on the record as required, the order of the trial judge is
VACATED.
FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.
NOTES
[1] While Press-Enterprise II "dealt only with a preliminary hearing, the [U.S. Supreme] Court's reasoning appears applicable to a wide range of pretrial hearings, including bail hearings, suppression hearings, and the evidentiary hearings held on various motions (e.g., change of venue)." 2 W. LaFave & J. Israel, Criminal Procedure § 22.1 at 271 (2d ed. Supp.1991).