505 S.E.2d 340

**In re GREENVILLE NEWS, Appellant.**

**The STATE, Respondent,**

v.

**Joseph SHEPPARD, Respondent.**

**No. 24835.**

Supreme Court of South Carolina.

Submitted April 22, 1998.

Decided Sept. 14, 1998.

---

Amy M. Snyder, of Haynsworth, Marion, McKay & Guerard, Greenville, for appellant.

Solicitor Robert M. Ariail, Greenville, for respondent, State of South Carolina.

PER CURIAM:

"The Greenville News" (Newspaper) appeals an order closing a pre-trial hearing in the death penalty trial of Joseph Sheppard. We vacate the trial court's order.

## FACTS

The trial court closed Sheppard's *Jackson v. Denno*[1] hearing, finding "a substantial probability exists of prejudice" due to oral statements purportedly made by Sheppard. At the conclusion of the hearing, the court reiterated there was a manifest necessity to close the hearing, and no alternative to closure.

Newspaper appeals, contending the court's closure of the hearing violated this Court's opinions in *Ex Parte First Charleston Corp.*, 329 S.C. 31, 495 S.E.2d 423 (1998), and *Ex Parte Island Packet*, 308 S.C. 198, 417 S.E.2d 575 (1992). We agree.

## DISCUSSION

In *First Charleston*, we recognized the presumption of openness applied to preliminary pre-trial hearings. *See also Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (in which Supreme Court articulated a sixth amendment right of public access to pretrial suppression hearings). Relying on *Press–Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) (*Press–Enterprise II*), we stated:

... [T]o justify closure, the court must make specific findings that closure is "essential to preserve higher values and is narrowly tailored to serve that interest." Where the accused asserts his right to a fair trial to justify closure, the **court must make specific findings** (1) that there is a substantial probability of prejudice from publicity that closure would prevent and (2) there are no reasonable alternatives to closure that would adequately protect the defendant's fair trial rights. Whether a trial judge erred in closing a hearing depends on the particular facts of each case. Further, through voir dire, a trial judge could identi-

---

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

fy those jurors whose prior knowledge would disable them from rendering an impartial verdict.

*First Charleston,* 329 S.C. at 34-35, 495 S.E.2d at 424-425 (Emphasis supplied; internal citations omitted).

■ Here, although the trial court ruled there was a manifest necessity of closure and no alternative, there are simply no **facts** supporting this ruling. *See Press–Enterprise v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629, 638 (1984) (*Press–Enterprise I* ) (presumption of openness may be overcome only by an overriding interest . . . that interest must be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered). Merely ruling there is a "substantial probability of prejudice and no reasonable alternative to closure," without substantiating facts, is simply insufficient to comply with *First Charleston. Accord Ex Parte Island Packet, supra* (family court's findings that publicity would affect defendant's right to fair trial, and revelation of confidential information regarding defendant's psychiatric status, insufficient basis upon which to justify closure of juvenile transfer hearing).

Accordingly, the circuit court's order is

**VACATED.**