THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
 Adrian Acosta a/k/a
 Evaristo Castana,        Appellant.
 
 
 

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-379
Submitted April 7, 2003  Filed June 
 3, 2003

AFFIRMED

 
 
 
W. Tracy Brown, of Charleston, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, and Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia; and Solicitor Ralph Hoisington, of Charleston, for Respondent.
 
 
 

 PER CURIAM:  Adrian Acosta appeals 
 his convictions for committing a lewd act on a minor and contributing to the 
 delinquency of a minor, arguing the circuit court erred in refusing to grant 
 a motion for new trial based on allegations of improper racial comments during 
 jury deliberations.  We affirm.
FACTS
A grand jury indicted Acosta for second-degree criminal sexual 
 conduct with a minor (CSC), committing or attempting to commit a lewd act 
 on a child under sixteen years of age, and contributing to the delinquency of 
 a minor.  A jury acquitted Acosta of the CSC charge, but convicted him of lewd 
 act on a child and contributing to the delinquency of a minor.  Acosta was sentenced 
 to twelve years in prison for lewd act on a child and three years in prison 
 for contributing to the delinquency of a minor with the later sentence being 
 suspended on successful completion of four years probation.  The sentences were 
 to run consecutively.
Subsequently, Juror Edgard P. (Edgard), saw Acostas wife 
 at a convenience store and learned about the length of Acostas sentence.  Believing 
 the sentence to be excessive, Edgard wrote a letter to Acostas family, later 
 reproduced as an affidavit, indicating the jurys verdicts were the result of 
 racial discrimination. Specifically, he claimed some jurors made the following 
 remarks:  Im missing my tee time; Who cares, hes just a dumb Mexican!; 
 Im losing money for some dumb Mexican.  Furthermore, he stated he believed 
 the accused was innocent of all the charges brought before . . . [him] on that 
 day.
Based on Edgards letter, Acosta moved for a new trial in 
 accordance with South Carolina Rules of Criminal Procedure, Rule 29(b).  Pursuant 
 to State v. Hunter, 320 S.C. 85, 463 S.E.2d 314 (1995), the circuit court 
 held a hearing to determine the validity of Edgards allegations and whether 
 the allegations would require a new trial.
At the hearing, Edgard testified the jury quickly voted to 
 acquit Acosta of CSC, finding no evidence to support the charge.  The jury also 
 quickly convicted Acosta of contributing to the delinquency of a minor.  However, 
 the jury could not reach a consensus on the lewd act charge.  Thus, the circuit 
 court delivered an Allen charge. 
 [1] 
Following the Allen charge, the jury continued deliberations.  
 Edgard testified one juror then began making racial remarks.  Additionally, 
 another juror began making remarks indicating impatience.  However, Edgard testified 
 his decisions were based on the facts presented and the law as charged by the 
 circuit court.  Furthermore, he testified the jurys decisions as a whole were 
 based on the facts presented and the law as charged by the circuit court.
The circuit court denied Acostas motion for a new trial, 
 finding the jury based all three verdicts on the facts presented during the 
 trial, and the improper juror remarks did not violate Acostas due process rights.  
 Acosta appeals.
STANDARD OF REVIEW
The circuit court has broad discretion in assessing allegations 
 of juror misconduct.  State v. Kelly, 331 S.C. 132, 142, 502 S.E.2d 99, 
 104 (1998).   Where a new trial motion is based on allegations of juror misconduct, 
 the denial of the motion for a new trial will be reviewed for an abuse of discretion.  
 State v. Covington, 343 S.C. 157, 163, 539 S.E.2d 67, 69-70 (Ct. App. 
 2000).  
DISCUSSION
Acosta argues the circuit court erred in refusing 
 to grant a new trial because the evidence demonstrated the jurys verdicts were 
 based on racial prejudice.  We disagree.
As a general rule, juror testimony may not be the basis 
 for impeaching a jury verdict.  Normally, courts should not intrude into the 
 privacy of the jury room to scrutinize how jurors reached their verdict. Hunter, 
 320 S.C. at 88, 463 S.E.2d at 316.  [J]uror testimony involving internal misconduct 
 is competent only when necessary to ensure due process, i.e. fundamental fairness.  
 Id.  [A]llegations of racial prejudice involve principles of fundamental 
 fairness.  Id.  Thus, [i]f a juror claims prejudice played a role in 
 determining the guilt or innocence of a defendant, investigation into the matter 
 is necessary.  Id.  However, where the defendant seeks a new trial on 
 the ground of impropriety involving the jury, he bears the burden of proving 
 both the alleged misconduct and the resulting prejudice.  State v. Grovenstein, 
 335 S.C. 347, 350-51, 517 S.E.2d 216, 217-18 (1999).
The circuit court found that although improper racial remarks 
 were made, the jurys verdicts were not the result of racial discrimination.  
 We agree Acosta has failed to prove prejudice.  Thus, we find no abuse of discretion.
Initially, we note the entire jury list was available to 
 Acosta.  However, Acosta only presented the testimony of Edgard.  No other jurors 
 were called, and no other evidence was presented to support Acostas claim.  
 Consequently, Acostas claim necessarily must rise or fall with Edgards allegations.
According to Edgard, the jury quickly acquitted Acosta of 
 CSC and quickly convicted Acosta of contributing to the delinquency of a minor.  
 No improper remarks were made during these deliberations.  However, the jury 
 could not come to a consensus on the lewd act charge.  Therefore, the jury informed 
 the circuit court it was hung, and the circuit court delivered an Allen 
 charge.
Following the Allen charge, Edgard testified the jury 
 believed the circuit court, by delivering the Allen charge, was instructing 
 them to compromise on the lewd act charge.  Thus, as deliberations continued, 
 Edgard testified the jury was becoming impatient with the deliberations, and 
 two jurors made improper comments regarding Acostas race and the length of 
 the process.  According to Edgard, he and one other juror were the only two 
 jurors holding out for acquittal on the lewd act charge.
However, Edgard also testified he based his decision to convict 
 Acosta on the facts presented and the law as charged by the court.  Furthermore, 
 Edgard discounted any inference the comments had any influence on him or the 
 jury and testified the jurys decisions were based only on the facts presented 
 and the law as charged by the court.  Moreover, Edgard testified he had been 
 comfortable with the verdict until he learned of the length of Acostas sentence. 

The only evidence presented by Acosta to demonstrate prejudice 
 was Edgards inconsistent statement in his affidavit indicating, the accused 
 was innocent of all the charges brought before . . . [him] on that day.  However, 
 the remainder of Edgards testimony supports the circuit courts conclusion 
 that Acosta failed to prove prejudice resulting from the improper comments.  
 Thus, the evidence supports the circuit courts factual findings, and we agree 
 with its application of the law to those facts.
CONCLUSION
Based on the foregoing, the decision of the trial court is
 AFFIRMED.
STILWELL, HOWARD, JJ., and STROM, Acting Judge, 
 concur.

 
 
 [1] Allen v. United States, 164 U.S. 492 (1896).