607 S.E.2d 99

The **STATE**, Respondent,

v.

Alvis Alphonso **GUILLEBEAUX**, Appellant.

No. **3910.**

Court of Appeals of South Carolina.

Heard Oct. 12, 2004.
Decided Dec. 20, 2004.
Rehearing Denied Jan. 20, 2005.

272

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor William Townes Jones, of Greenwood, for Respondent.

BEATTY, J:

Alvis Alphonso Guillebeaux appeals his convictions for distribution of crack cocaine and distribution of crack cocaine near a school, arguing the trial judge should have granted his motion for a new trial because a juror concealed a social relationship with a witness. We affirm.

## FACTS

In a controlled buy organized by the Abbeville County Sheriff's Office, confidential informant Brent Smith purchased crack cocaine from an unknown black male later identified as Guillebeaux. Guillebeaux was indicted on charges of distribution of crack cocaine and distribution of crack cocaine near a school or playground.

Smith was the State's chief witness at trial. During jury selection, the judge identified Guillebeaux and other potential witnesses, including Smith. The judge asked the panel members whether they had "any type of personal, business or social relationship either with the defendant, Mr. Guillebeaux or any of the potential witnesses." None of the members of the jury panel responded. The panel was also asked, among other things, if any of them "for whatever reason could not give both the state and the defendant a fair and impartial trial." No one responded. Both Guillebeaux and the State exhausted their peremptory strikes, and Juror Catherine Gray ("Juror") was seated without challenge. Guillebeaux was convicted as charged and sentenced to a total term of twenty-two years imprisonment.

After Guillebeaux's trial, Jessie Johnson, Juror's brother, approached Guillebeaux's counsel claiming Juror had a social relationship with Smith. At a post-trial hearing, Johnson testified that he and Smith used to smoke crack together. Johnson stated that Juror's father and Smith's father were friends, Juror went to high school with Smith, Juror knew Smith from frequenting Smith's family's filling station, and Juror would speak to Smith when she came to visit Johnson.

Juror testified at the hearing that she knew who Smith was but had not had any conversations with him beyond saying "hi" in passing on the street. She denied attending high school with him but acknowledged that she went to high school with Smith's brother. She stated she was aware of what kind of car Smith drove because he worked at his brother's filling station, which is across the street from her hairdresser.

Guillebeaux moved for a new trial based on Juror's failure to disclose the alleged social relationship. Guillebeaux argued Juror's failure to inform them that she knew Smith prevented Guillebeaux from determining whether he would exercise a peremptory strike against her. The trial judge found Juror had not misled the court and the motion was denied. This appeal follows.

## LAW/ANALYSIS

■ Guillebeaux argues the trial judge abused his discretion in denying the motion for a new trial because Juror's

failure to disclose the social relationship with Smith precluded Guillebeaux from exercising his peremptory strikes against her.[1] We disagree.

The denial of a motion for a new trial will be disturbed on appeal only upon a showing of an abuse of discretion. *State v. Covington,* 343 S.C. 157, 163, 539 S.E.2d 67, 69 (Ct.App.2000). "Where a new trial motion is based upon allegations that a juror gave misleading and incomplete answers on voir dire, the trial court's denial of that motion will be affirmed absent a prejudicial abuse of discretion." *Id.* at 163, 539 S.E.2d at 69–70; *State v. Kelly,* 331 S.C. 132, 145, 502 S.E.2d 99, 106 (1998).

When allegations arise concerning a juror's failure to reveal information in response to voir dire questions, courts look to whether the concealment was intentional and consider the nature of the information concealed. *State v. Woods,* 345 S.C. 583, 587–88, 550 S.E.2d 282, 284 (2001). A new trial is warranted if the court finds: (1) the juror intentionally concealed the information; and (2) "the concealed information would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges." *Id.* However, a determination that a juror did not intentionally conceal the information ends the court's inquiry. *State v. Sparkman,* 358 S.C. 491, 497, 596 S.E.2d 375, 377–78 (2004).

Determining whether a juror's failure to respond to a voir dire question amounts to intentional concealment is a "fact intensive determination that must be made on a case-by-case basis." *Sparkman,* 358 S.C. at 496, 596 S.E.2d at 377.

---

1. As the State points out, Guillebeaux's issue on appeal refers to a motion for mistrial instead of a motion for a new trial. A motion for a mistrial is substantively different from a motion for a new trial. *State v. Johnson,* 248 S.C. 153, 160, 149 S.E.2d 348, 351 (1966) ("It thus appears that a mistrial and a new trial are not the same thing in name or effect."). However, the substance of the appellate argument focuses on the failure of the trial judge to grant a new trial in this situation. Because Guillebeaux's motion for a new trial was properly preserved at the trial level and the substance of his appellate argument focuses on the trial judge's failure to grant a new trial, we will treat the references to "mistrial" in his appellate brief as a scrivener's error and address his appeal with reference to a new trial.

Intentional concealment occurs "when the question presented to the jury on voir dire is reasonably comprehensible to the average juror and the subject of the inquiry is of such significance that the juror's failure to respond is unreasonable." *Id.* Concealment is considered unintentional where the voir dire question posed is ambiguous or incomprehensible to the average juror or where "the subject of the inquiry is insignificant or so far removed in time that the juror's failure to respond is reasonable under the circumstances." *Id.* Although it may be inferred that a juror is not impartial if she fails to disclose a relationship without justification, such an inference may not be drawn where there is information to the contrary or the failure to disclose is innocent. *State v. Stone,* 350 S.C. 442, 448, 567 S.E.2d 244, 247 (2002).

This court has recently addressed the failure of a juror to reveal a relationship with a witness. *State v. Galbreath,* 359 S.C. 398, 597 S.E.2d 845 (Ct.App.2004). In *Galbreath,* potential jurors were asked during voir dire if they were close personal friends or business associates with any of the witnesses. A seated juror did not respond to this question, despite information that the juror knew the victim's mother and that the juror's brother-in-law rented land from someone in the victim's extended family. This court found no intentional concealment where the juror accurately answered the specific question posed and the alleged relationships did not amount to close personal friends or business associates. *Galbreath,* 359 S.C. at 403–04, 597 S.E.2d at 847–48; *see Sparkman,* 358 S.C. at 498–97, 596 S.E.2d at 376–77 (finding no intentional concealment where the judge asked on voir dire whether anyone had been the victim of a "serious crime" and seated juror did not immediately recall that he had been a crime victim forty years earlier and was not sure if the crime amounted to a "serious" one).

■ Although the trial judge asked a more general question regarding relationships in the present case, we find Juror did not intentionally conceal information. Juror was not asked during voir dire if she knew any of the witnesses, she was asked if she had any type of social relationship with Smith. Juror's knowledge of who Smith was and the rare exchange of greetings with him in her community did not constitute a "social relationship." Juror answered the questions posed to

her during voir dire honestly, her failure to reveal her knowledge of Smith was a reasonable response to the question posed, and her failure to respond did not amount to intentional concealment. Further, Juror indicated during voir dire that she knew of no reason she could not be impartial to both the defense and the State and there is no evidence to the contrary. As we find no intentional concealment on Juror's part, we need not further determine whether the information would have been a material factor in the exercise of Guillebeaux's peremptory strikes. *Sparkman*, 358 S.C. at 497, 596 S.E.2d at 377–78. Based on this evidence, we find the trial judge did not abuse his discretion in denying the motion for a new trial.

## CONCLUSION

Because the Juror did not intentionally conceal information in response to voir dire questions, the trial judge did not abuse his discretion in denying Guillebeaux's motion for a new trial. Accordingly, his convictions are

**AFFIRMED.**

STILWELL and SHORT, JJ., concur.