THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Roderick Bradley, Appellant.
 
 
 

Appeal From Allendale County
 Paul M. Burch, Circuit Court Judge
Unpublished Opinion No.  2007-UP-532
Heard November 6, 2007  Filed November 19, 2007

AFFIRMED

 
 
 
 Appellate Defender Aileen P. Clare, South Carolina Commission, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Office of the Attorney General, of Columbia; and Solicitor I. McDuffie Stone, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Roderick Bradley appeals the trial courts denial of a new trial following allegations of juror misconduct.  We affirm.
FACTS
A jury convicted Bradley of second-degree criminal sexual conduct with a minor.  During voir dire, no potential jurors responded when asked if they were victims of a violent crime.  Following the verdict, Juror G[1] claimed two other jurors, Juror F and Juror W, stated they were rape victims during jury deliberations.  Further, Juror G alleged one of the jurors used her personal experience to explain why Bradleys alleged victim delayed making the sexual misconduct allegation.  The trial court denied Bradleys motion for a new trial after finding Juror G was not credible and finding Juror W did not intentionally conceal information.  This appeal follows.  
 
LAW/ANALYSIS
1.  Bradley argues the trial court erred in denying his motion for a new trial following allegations jurors disclosed they were rape victims during deliberations.  We disagree.
A trial courts denial of a new trial motion due to allegations a juror gave misleading or incomplete information on voir dire will be affirmed absent a prejudicial abuse of discretion.  State v. Guillebeaux, 362 S.C. 270, 274, 607 S.E.2d 99, 101 (Ct. App. 2004).  
 
When determining if a new trial is warranted, this court must first determine if the jurors failure to respond was an intentional concealment.  State v. Woods, 345 S.C. 583, 587, 550 S.E.2d 282, 284 (2001).  This is a fact intensive determination made on a case-by-case basis.  Guillebeaux, 362 S.C. at 274, 607 at 101-02.  In Woods, the South Carolina Supreme Court explained:

 [I]ntentional concealment occurs when the question presented to the jury on
 voir dire is reasonably comprehensible to the average juror and the subject of the inquiry is of such significance that the jurors failure to respond is unreasonable.  Unintentional concealment, on the other hand, occurs where the question posed is ambiguous or incomprehensible to the average juror, or where the subject of the inquiry is insignificant or so far removed in time that the jurors failure to respond is reasonable under the circumstances.

345 S.C. at 588, 550 S.E.2d at 284. 
In the case at hand, the trial court conducted a hearing following Juror Gs accusations.  During this subsequent hearing, the trial court asked Juror W, [h]ave you even been the victim of a crime that you consider to be a violent crime?  Juror W responded, [n]o, it wasnt a violent crime, but I have been raped.  Further, Juror W denied anyone in the juror room indicated being a rape victim.[2]  
The trial court found Juror G lacked credibility due to her demeanor and failure to disclose her relationship with Bradleys family during voir dire.  Further, the trial court found Juror W to be a credible witness, who did not interject her personal experiences into jury deliberations and did not intentionally conceal information during voir dire. 
 
Similarly, in State v. Sparkman, 358 S.C. 491, 496-97, 596 S.E.2d 375, 377 (2004), the South Carolina Supreme Court found a jurors failure to reveal he was a victim of an attack was unintentional because the attack occurred forty years prior to his jury service and the juror was unsure if his attack constituted a serious crime.  
 
Further, this court is mindful of the sanctity of jury deliberations.  [C]ourts should not intrude into the privacy of the jury room to scrutinize how jurors reached their verdict. . . .  Normally, juror testimony involving internal misconduct is competent only when necessary to ensure due process, i.e. fundamental fairness.  State v. Hunter, 320 S.C. 85, 88, 463 S.E.2d 314, 316 (1995).  The court in Hunter found allegations of racial prejudice to involve principles of fundamental fairness.  Id.  See also, State v. Franklin, 341 S.C. 555, 560-62, 534 S.E.2d 716, 719-20 (Ct. App. 2000) (holding calling another juror derogatory names and yelling did not rise to the level of affecting the fundamental fairness of the trial).
Given the courts limited scope of review, the trial courts credibility findings, Juror Ws testimony, and the interest in protecting the integrity of jury deliberations this court is constrained to affirm the trial courts holding the jurors did not intentionally conceal information.  As this ruling is dispositive, this court need not address Bradleys remaining argument regarding prejudice.  Hagood v. Sommerville, 362 S.C. 191, 199, 607 S.E.2d 707, 711 (2005) (appellate court need not reach remaining issues when an issue is dispositive).
CONCLUSION
For the reasons stated herein, the trial courts decision is 
 
AFFIRMED.
HEARN, C.J., and KITTREDGE and THOMAS, JJ., concur.

[1] This court abbreviates the jurors names, given the sensitivity of the discussed issues.
[2] The trial court determined Juror Fs testimony was unnecessary because of the ambiguous nature of the voir dire question and because Bradley used all of his preemptory strikes prior to the seating of Juror F.