**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Roy James Jenkins, Appellant.

Appellate Case No. 2012-211108

Appeal From Spartanburg County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2013-UP-124
Submitted February 1, 2013 – Filed SMarch 27, 2013

**AFFIRMED**

Kenneth Philip Shabel, of Campbell & Shabel, LLC, of Spartanburg, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Guillebeaux*, 362 S.C. 270, 274, 607 S.E.2d 99, 101 (Ct. App. 2004) ("The denial of a motion for a new trial will be disturbed on appeal only

upon a showing of an abuse of discretion."); *State v. Woods*, 345 S.C. 583, 587, 550 S.E.2d 282, 284 (2001) ("When a juror conceals information inquired into during *voir dire,* a new trial is required only when the court finds the juror intentionally concealed the information, and that the information concealed would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges."); *id.* at 588, 550 S.E.2d at 284 ("Unintentional concealment . . . occurs where the question posed is ambiguous or incomprehensible to the average juror, or where the subject of the inquiry is insignificant or so far removed in time that the juror's failure to respond is reasonable under the circumstances."); *Guillebeaux*, 362 S.C. at 274, 607 S.E.2d at 101 ("[A] determination that a juror did not intentionally conceal the information ends the court's inquiry."); *State v. Stone*, 350 S.C. 442, 448-49, 567 S.E.2d 244, 247-48 (2002) (holding the trial court abused its discretion when it removed a juror who did not recognize a witness until the sentencing phase of a capital trial when the juror's failure to disclose the relationship was innocent and the relationship "would neither have supported a challenge for cause nor would it have been a material factor in the state's exercise of its peremptory challenges").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.