**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Adam Don Lawless, Appellant.

Appellate Case No. 2023-000636

---

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-371
Submitted October 23, 2025 – Filed November 5, 2025

---

**AFFIRMED**

---

Deputy Chief Attorney for Capital Appeals David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Kaylee Christene Kemp, all of Columbia, for Respondent.

---

**PER CURIAM:** Adam Don Lawless appeals his conviction for murder and his sentence of thirty years' imprisonment. On appeal, Lawless argues the trial court

erred in (1) denying his motion for a new trial based on after-discovered evidence of his father's confession to the murder and (2) denying his motion for a new trial based on juror misconduct based on the jury's discussion of Lawless's failure to testify during deliberations. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion in denying the motion for a new trial. We acknowledge case law does not require there be no doubt as to the credibility of the after-discovered evidence as the trial court stated. However, the trial court made a credibility finding as to James Lawless's confession, which it found not credible, and we defer to that finding. Based on the foregoing, a review of the record supports that the confession would not likely change the result if a new trial were granted—the first prong of the after-discovered evidence test. *See State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("The decision whether to grant a new trial rests within the sound discretion of the trial court, and this [c]ourt will not disturb the trial court's decision absent an abuse of discretion."); *State v. Spann*, 334 S.C. 618, 619-20, 513 S.E.2d 98, 99 (1999) ("In order to prevail in this new trial motion, appellant must show the after-discovered evidence: (1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching."); *Mercer*, 381 S.C. at 166, 672 S.E.2d at 565 ("In this post-trial setting, our jurisprudence recognizes the gatekeeping role of the trial court in making a credibility assessment."); *State v. Johnson*, 413 S.C. 458, 467, 776 S.E.2d 367, 371 (2015) ("Credibility findings are treated as factual findings, and therefore, the appellate inquiry is limited to reviewing whether the trial court's factual findings are supported by any evidence in the record."); *id.* ("[I]t is well-established under South Carolina law that credibility determinations are entitled to great deference.").

2. We hold the trial court did not abuse its discretion in denying Lawless's motion for a new trial based on juror misconduct. *See Mercer*, 381 S.C. at 166, 672 S.E.2d at 565 ("The decision whether to grant a new trial rests within the sound discretion of the trial court, and this [c]ourt will not disturb the trial court's decision absent an abuse of discretion."). We find the comments in the foreman's affidavit did not concern due process because they were a comment on Lawless's trial strategy and not a comment on Lawless's decision not to testify. *State v. Hunter*, 320 S.C. 85, 88, 463 S.E.2d 314, 316 (1995) ("Normally, courts should not intrude into the privacy of the jury room to scrutinize how jurors reached their verdict."); *id.* ("[J]uror testimony involving internal misconduct is competent only when necessary to ensure due process, i.e. fundamental fairness."); *State v. Aldret*, 333

S.C. 307, 314, 509 S.E.2d 811, 814 (1999) ("[A] defendant must demonstrate prejudice from jury misconduct in order to be entitled to a new trial.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and VINSON and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.