### 1701

The STATE, Respondent v. Arthur SAVAGE, Appellant.

(409 S.E. (2d) 809)

Court of Appeals

*Asst. Appellate Defender Tara Dawn Shurling*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *E. Jean Howard*, Columbia, and *Sol. Larry F. Grant*, York, *for respondent.*

Heard Sept. 9, 1991; Decided Oct. 7, 1991.

Rehearing Denied Oct. 30, 1991.

SANDERS, Chief Judge:

Defendant Arthur Savage appeals his conviction for the offense of distribution of cocaine. The issues on appeal are: (1) whether the Circuit Court erred in denying Mr. Savage's motion for a mistrial based on the fact that a juror was a third cousin of one of the State's witnesses, and (2) whether the Circuit Court erred in denying Mr. Savage's motion to prohibit the State from using, for impeachment purposes, his prior conviction for possession with intent to distribute marijuana. We affirm.

I

Before the trial began, the prosecutor read out the names of the State's prospective witnesses. Included among the names was the name of "Eddie Boulware." The trial judge asked whether any juror was related by blood or marriage to any of the prospective witnesses. No juror an-

swered in the affirmative. Mr. Boulware was not physically present in the courtroom at the time. When he was later called as a witness, he affirmed, in response to a question by the prosecutor, that he was also known as "Robert Edward Black."

After the jury returned its verdict, Mr. Savage's lawyer moved for a mistrial, saying he had learned that a juror was, in fact, related to Mr. Boulware. The lawyer said, "I don't know if that's correct or not, but I'd like the court to at least inquire into that matter."

The trial judge inquired into the matter by interrogating the juror in question. The juror told the trial judge that he was, indeed, a third cousin of Mr. Boulware, but he had not seen him in approximately three years. The trial judge asked further, "Would you believe him over anybody else?" The juror answered, "No, sir." The juror added, with some apparent indignation, "Hey Judge, you all didn't tell me that he was going to be a witness here when they called me up here." Apparently, the juror did not recognize the name read out by the solicitor as being the name of his cousin. Referring to the juror and the witness, the trial judge commented that "he wouldn't have known him by that name anyhow."

Mr. Savage does not argue that the juror was disqualified as a matter of law. *See Smith v. Quattlebaum*, 223 S.C. 384, 388, 76 S.E. (2d) 154, 156 (1953) ("There is no statute that disqualifies a juror by reason of relationship or kinship with any of the parties to an action."). Instead, he argues he "was denied the opportunity to make an informed decision concerning the seating of this prospective juror."

"The decision to grant or deny a mistrial is within the discretion of the trial judge." *State v. Dawkins*, 297 S.C. 386, 394, 377 S.E. (2d) 298, 302 (1989). "The decision of the trial court will not be disturbed absent an abuse of discretion which results in prejudice to the defendant." *Id.* There is no evidence that Mr. Savage would have exercised a pre-emptory challenge of the juror even if he had known that the juror and the witness were third cousins. Nor did his lawyer represent to the Court that he would have challenged the juror had he known of the relationship. Thus, Mr. Savage has not shown any prejudice directly. After inquiring into the matter, the trial judge was satisfied that Mr. Savage had not suffered any

prejudice as a result of the juror's having served. We find no abuse of discretion under the circumstances.

Mr. Savage relies on *State v. Gulledge,* 277 S.C. 368, 287 S.E. (2d) 488 (1982). That case is distinguishable from the instant case. There, unlike here, the failure of the juror to disclose the relationship was without justification, not simply the result of an honest mistake. Where, as there, a juror, without justification, fails to disclose a relationship, it may be inferred, nothing to the contrary appearing, that the juror is not impartial. On the other hand, where, as here, the failure to disclose is innocent, no such inference may be drawn. *Cf. Smith v. Quattlebaum,* 223 S.C. 384, 76 S.E. (2d) 154 (holding that the trial judge did not abuse his discretion in refusing to grant a mistrial after it was discovered that, through inadvertence, a juror had not disclosed his relationship to a party).

## II

At the beginning of trial, Mr. Savage moved *in limine* that "the State not be permitted to use a 1986 conviction for Possession of Marijuana with Intent to Distribute for impeachment purposes." He argued that "the probative value of this evidence, as it related to the issue of [his] credibility, was greatly outweighed by the highly prejudicial effect of admitting proof of [his] prior conviction of a crime similar in nature to that for which he was on trial." The trial judge initially took the motion under advisement and later denied it. Mr. Savage did not take the stand in his own defense. He argues that the ruling of the trial judge "acted to chill him in the exercise of his constitutional right to be fully heard in his defense by testifying in his own behalf."

The admission of evidence is a matter within the discretion of the trial judge. *State v. Moultrie,* 283 S.C. 352, 322 S.E. (2d) 663 (1984). Unless it is too remote in time, a prior conviction for a crime involving moral turpitude may be used to impeach the testimony of a defendant. *State v. McFarlane,* 279 S.C. 327, 306 S.E. (2d) 611 (1983). Mr. Savage does not argue that his conviction is too remote. Possession of marijuana with intent to distribute is most definitely a crime of moral turpitude. *State v. Lilly,* 278 S.C. 499, 299 S.E. (2d) 329 (1983). In *Lilly,* the Court allowed evidence of the prior

conviction even though the defendant was on trial for precisely the same crime. Again, we find no abuse of discretion by the trial judge in the instant case.

Affirmed.

GARDNER and GOOLSBY, JJ., concur.