Judy M. SEATON, Plaintiff–Respondent,

v.

Paul TOMA, D.O., Defendant–Appellant.

No. 21908.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 26, 1999.

Arlen L. Tanner, Richard D. Simpson, Wallace, Saunders, Austin, Brown & Enochs, Charted, Kansas City, for Appellant.

Glenn R. Gulick, Jr., Hershewe & Gulick, P.C., Joplin, for Respondent.

**PHILLIP R. GARRISON, Chief Judge.**

Judy M. Seaton ("Plaintiff") filed suit against Paul Toma, D.O. ("Defendant") alleging medical malpractice by treatment of a broken arm she received in an automobile accident. After a three-day trial, the jury returned a verdict in favor of Defendant. Plaintiff filed a timely motion for new trial, which was later amended. Her amended motion alleged, among other things, that she was denied a fair and impartial trial because a juror intentionally failed to disclose relevant and material facts during *voir dire.* Specifically, she alleged that, although being clearly asked, Juror Mace intentionally failed to disclose that: 1) her husband was involved in a motor vehicle collision through no fault of his own by which he received "disabling" injuries including a broken nose, arm, and ribs; 2) she had previously sustained a broken wrist and fractured knee at separate places of work; 3) she and her family held strong religious beliefs that one should not sue another, and 4) because of those religious beliefs, her husband did not bring suit for his injuries sustained in the automobile accident, she did not file workers' compensation claims for injuries of her own, and she was influenced to return a verdict in favor of Defendant. The trial court granted Plaintiff's amended motion for new trial, set aside the judgment entered on the jury verdict, and ordered a new trial on all issues. In doing so, the trial court stated:

> The court finds that [Juror Mace] committed intentional nondisclosure during *voir dire,* both in fact and as a matter of law. The court further finds that the intentional nondisclosure was upon matters which were material to this lawsuit, that actual prejudice occurred to plaintiff, and that plaintiff was denied a fair trial by reason of the intentional nondisclosure. These findings are made in addition to the rule that intentional nondisclosure on a relevant inquiry, by itself, requires a finding of prejudice per se. (Citation omitted).

Defendant now appeals.

■ In his first point on appeal, Defendant contends that the trial court erred and abused its discretion in granting Plaintiff's motion for new trial because "an examination of the questions asked in *voir dire* and the juror's explanations does not demonstrate [a] sufficient basis to support a conclusion or finding of intentional nondisclosure by a juror."

■ In ruling on a motion for new trial, the trial court is vested with broad discretion. *Hyde v. Butsch,* 861 S.W.2d 819, 820 (Mo.App. E.D.1993). An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Wingate v. Lester E. Cox Medical Center,* 853 S.W.2d 912, 917 (Mo. banc 1993). If reasonable men could differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Id.* Reviewing courts are more liberal in upholding a trial court's grant of a motion for new trial than its denial. *Hawkins v. Cockroft,* 848 S.W.2d 622, 626 (Mo.App. S.D.1993).

■ At the cornerstone of our judicial system lies the constitutional right to a fair and impartial jury, composed of twelve qualified jurors. *Williams by Wilford v. Barnes Hosp.,* 736 S.W.2d 33, 36 (Mo. banc 1987). It is the duty of a juror on *voir dire* examination to fully, fairly, and truthfully answer all questions directed to him (and to the panel generally) so that his qualifications may be determined and challenges may be intelligently exercised. *Id.*

■ Intentional nondisclosure of information requested of a potential juror on *voir*

*dire* occurs where 1) there exists no reasonable inability to comprehend the information solicited from the prospective juror, and 2) it develops that the prospective juror actually remembers the experience or that it was of such significance that his purported forgetfulness is unreasonable. *Brines By and Through Harlan v. Cibis,* 882 S.W.2d 138, 139 (Mo. banc 1994); *Williams by Wilford,* 736 S.W.2d at 36. If a juror intentionally withholds material information requested on *voir dire,* the opportunity for error is so great that a party's right to a fair and impartial jury must be presumed compromised and bias and prejudice inferred. *Id.* at 37. A finding of intentional nondisclosure is tantamount to a per se rule mandating a new trial. *Id.* Nondisclosure of information, however, may occur only after a clear question is asked on *voir dire. Prewitt v. Cofer,* 979 S.W.2d 521, 523 (Mo.App. E.D.1998).

In this case, the trial court did not abuse its discretion in granting a new trial to Plaintiff on the ground of intentional nondisclosure on the part of Juror Mace. At trial, Plaintiff's counsel asked the following on *voir dire:*

> ... This case involves a broken humerus, the bone from the shoulder to the elbow. A broken one. Broken, fractured, in two separate spots. And I want to ask you about – questions about has anybody broke[n] a bone? Okay, anybody broken a bone or had a member of your family break one or a close personal friend, I want you to raise your hand....

To this, Juror Mace responded that she once had a broken wrist. She did not, however, disclose that her husband had been in a motor vehicle accident where the highway patrolman on the scene labeled his injuries of a broken arm, nose, and ribs as "disabling."

> The following occurred at the hearing on the motion for new trial:
>
> [Plaintiff's Counsel]: Madam, you did not tell anyone [on *voir dire* ] about your husband's injuries, did you?
>
> Juror Mace: No, I didn't see no reason why I should.
>
> [Plaintiff's Counsel]: And the reason why you didn't think you should is because you

didn't think it was anybody else's business; isn't that right?

> Juror Mace: Why should I discuss it? It wasn't asked of me. Nobody asked me if my husband had been hurt.

▉▉▉ The record clearly supports a finding of intentional nondisclosure with regard to the injuries sustained by Juror Mace's husband. The question proffered by Plaintiff's counsel was clear and the record indicates that Juror Mace actually remembered the experience during *voir dire.* Instead of disclosing the information, however, she decided on her own accord that it was unnecessary. A juror is not to be the judge of her own qualifications. *See Hawkins,* 848 S.W.2d at 626. The trial court did not err in finding intentional nondisclosure with regard to previous injuries sustained by Juror Mace's husband.

▉▉▉ In addition, however, Juror Mace failed to disclose material information regarding her religious beliefs and practices. On *voir dire,* Plaintiff's counsel asked:

> Does anybody feel, have any negative feelings or adverse feelings about people coming into court and asking for a monetary award of damages under our system of justice?

In response to this question, Juror Mace did not disclose that she was a devout Pentecostal who believed that God would provide for one's needs and that one should not file suit against another. A sworn statement of Juror Mace taken on July 23, 1997, was admitted in evidence at the hearing on the amended motion for new trial. In the statement, the following questions and answers occurred:

> [Plaintiff's Counsel]: Okay and we had discussed [the day before that] at the time when the jury was being selected before the trial began and you say that you heard questions when the jury was being selected for information like this and that you hold these religious beliefs but didn't raise your hand or talk about them during jury selection?
>
> Juror Mace: No.
>
> [Plaintiff's Counsel]: Is that right?
>
> Juror Mace: That's right.

Defendant argues that the question asked on *voir dire* did not inquire about Juror Mace's beliefs with regard to herself; instead, it inquired solely about her beliefs with regard to others such as Plaintiff bringing a lawsuit. He argues that because Juror Mace only believed that she (and members of her church) should not file such suits, she had no duty to disclose the information. We do not find this argument persuasive primarily because the question asked referred to "negative feelings" about "people" coming into court and asking for monetary awards. Certainly Juror Mace's beliefs qualified as "negative feelings" about people bringing cases to court, and she and the members of her church qualified as "people" who may come to court and ask for monetary awards.

A finding of intentional nondisclosure on the part of Juror Mace with regard to her religious beliefs is not against the logic of the circumstances then before the court or so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. The venirepersons, including Juror Mace, were asked a clear question regarding their beliefs about lawsuits and there existed no reasonable inability for Juror Mace to comprehend the information solicited by the question. She admitted holding the religious beliefs at the time of *voir dire*, hearing the question asked, and withholding the information. Although she later changed her story, claiming that she did not hear the question, the trial court was free to believe her earlier sworn statement. The trial court, therefore, did not err in finding intentional nondisclosure with respect to Juror Mace's religious beliefs.

It should be noted that the trial court also found that Juror Mace intentionally withheld material information concerning an injury to her knee sustained at work, workers' compensation claims, and an uninsured motorist claim brought on behalf of her husband. We do not find it necessary to reach these particular issues, however, because the trial court's granting of a new trial may be affirmed on either of the two issues of nondisclosure discussed above. Accordingly, Defendant's point is denied.

For his second point on appeal, Defendant contends that the trial court erred in finding in the alternative that Juror Mace engaged in unlawful, unintentional nondisclosure. Because we affirmed the granting of a new trial on the ground of intentional nondisclosure, however, Defendant's second point is now moot, and therefore, denied.

The trial court did not err in finding that the nondisclosures of Juror Mace with respect to her husband's injuries or her religious beliefs were intentional and required a new trial. The order granting a new trial is affirmed.

MONTGOMERY, J., and BARNEY, J. – concur.