527 S.E.2d 128

**The STATE, Respondent,**

**v.**

**Derrick Bernard WOODS, Appellant.**

**No. 3104.**

Court of Appeals of South Carolina.

Submitted Dec. 7, 1999.
Decided Jan. 24, 2000.
Rehearing Denied March 25, 2000.

Assistant Appellate Defender Melody J. Brown, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, all of Columbia; and Solicitor Thomas E. Pope, of York, for respondent.

GOOLSBY, Judge:

Derrick Bernard Woods appeals his conviction for distribution of crack cocaine and distribution within proximity of a public park. Woods moved for a new trial based on information acquired after his conviction that a juror had not properly responded to *voir dire* questions. The trial court denied the motion. We reverse and remand.[1]

## FACTS

When conducting a *voir dire* examination of the jury venire, the trial court identified each of the lawyers that would be involved in Woods' trial and asked if anyone was a "friend[ ] or casual acquaintance [ ] with any of them or business associate[ ] or social acquaintance[ ] with any of them, [including] having been represented by any of them in the past." The trial court also inquired whether anyone was a "contributor[ ] to or supporter[ ] of any organization which has as its primary function the promotion of law enforcement or protection of victims' rights such as MADD, SADD, CAVE, or the like . . . ."

After the jury returned its verdict but before sentencing, counsel for Woods told the trial court, "I've just been informed that one of the jurors was actually a worker in the solicitor's office for a period of time and I don't recall her answering that

---

1. Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

question during the *voir dire.*" Woods moved for a new trial based on the "after-discovered information." His counsel said later, "[I]f we had known prior to the verdict coming in that she had been working in the victim's office, I would certainly have ... challenge[d] for cause or at the very least ... use[d] a peremptory challenge to try to keep her off the jury." Woods still had one peremptory challenge remaining when the juror's name was called.

At a post-trial hearing conducted on Woods' motion, the juror in question testified she had served "off and on for about a good three years" as a volunteer in the victim's advocate program administered by the solicitor's office, the last time being in 1998, the year of Woods' trial. Regarding her failure to answer the trial court's question about any business association or social acquaintance with any of the counsel connected with the case, the juror testified she did not "realize that [the question] would mean advocate because the attorneys themselves I really don't have [very] much to do with them."[2] Regarding her failure to answer the trial court's question about being either a contributor or supporter of any organization that protected victims' rights, the juror testified she did not recall the question being asked and, even if she did hear the question, "it just didn't synchronize [sic]."

The trial court denied the motion for new trial, holding the juror's failure to disclose the information in issue had not been intentional.

## DISCUSSION

Woods contends he was denied his constitutional right[3] to have an impartial jury decide his guilt or innocence because one juror "failed to inform the court of her work with the victim's advocacy program through the local solicitor's office even though she was specifically asked about such ties [during] *voir dire.*"[4] We agree because we deem *State v.*

---

2. The juror also revealed her daughter had been murdered and the solicitor's office had prosecuted the person accused of having committed the murder.

3. U.S. CONST. amend. XIV and amend. VI; S.C. CONST. art. I, § 14.

4. The issue is preserved. Woods argues, as he did at the trial level, that the requested information would have been a material factor in his use

*Gulledge*[5] dispositive.

In *Gulledge,* our supreme court, relying on *Photostat Corporation v. Ball,*[6] reversed a conviction where there was no justification for a juror's failure to disclose her relationship to the deputy sheriff when the trial court specifically questioned jurors on *voir dire* about the existence of such a relationship.

Here, as in *Gulledge,* the juror did not justify her failure to disclose particular information that was specifically sought by a *voir dire* question addressed to all jurors.[7] The juror, when she testified, stated she did not recall being asked any question on *voir dire* about having contributed to or supported a victims' rights organization. She did not claim the question was not asked. The record clearly shows it was. Moreover, it was a question that could not have been easily misunderstood, notwithstanding the juror's assertion that, if she heard the

---

of peremptory challenges. *Cf. Thompson v. O'Rourke,* 288 S.C. 13, 339 S.E.2d 505 (1986) (a reversal is not required where the appellants did not argue that the use of their peremptory challenges would have been altered by the disclosure of information withheld by a juror during *voir dire* questioning and the concealed information would not have supported a challenge for cause). The trial court spoke to this issue, terming it "my main area of concern;" however, the court moved beyond the issue, holding that its failure to find the juror "intentionally failed to disclose" her relationship with the solicitor's victims' rights program precluded his consideration of it and other issues.

5. 277 S.C. 368, 287 S.E.2d 488 (1982).

6. 338 F.2d 783 (10th Cir.1964).

7. *See Gray v. Bryant,* 298 S.C. 285, 379 S.E.2d 894 (1989) (a reversal was required where the trial court during *voir dire* questioning asked members of the jury panel to disclose if they or immediate family members had been treated by the defendant doctor and a juror neither acknowledged that she had been treated by him nor disclosed a predisposition that would have prevented her from fairly and impartially deciding the case); *cf. State v. Kelly,* 331 S.C. 132, 502 S.E.2d 99 (1998) (a juror's failure to disclose certain information does not warrant a new trial where the juror was not specifically asked during *voir dire* to disclose the information); *State v. Savage,* 306 S.C. 5, 409 S.E.2d 809 (Ct.App.1991) (where a juror was later determined to be distantly related to a State's witness who went by two names, the juror's failure to disclose the relationship held not a ground for a new trial where the solicitor in reading out the names of the State's witnesses used a name the juror did not recognize and the witness was not present in the court room when the solicitor read the names).

question when the trial court addressed it to the jurors, it did not "synchronize."

We do not reach the question of whether the juror's failure to respond to a specific question about the juror's business association or acquaintance with any of the counsel involved in the case also provides a basis for reversal of Woods' conviction.[8]

**REVERSED AND REMANDED.**

HOWELL, C.J., and HEARN, J., concur.

---

**8.** *See State v. Robinson,* 305 S.C. 469, 409 S.E.2d 404 (1991) (a juror's failure to disclose she knew the solicitor held no basis for a new trial where the solicitor denied knowing the juror and the only contact, if any, had occurred fifteen years before the appellant's trial); *see also State v. Spann,* 334 S.C. 618, 513 S.E.2d 98 (1999) (wherein the supreme court, because it reversed and granted a new trial on one issue, did not address other issues raised by appellant).