Timothy J. DOYLE, Appellant,

v.

KENNEDY HEATING AND SERVICE, INC. and Nicholas Dattoli, Respondents.

No. ED 77107.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 7, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 2000.

**200**

Lander & Berkowitz, P.C., Ira M. Berkowitz, St. Louis, James B. Kleinschmidt, St. Louis, for appellant.

Crystal Y. Smith, St. Louis, for respondent.

Before: GARY M. GAERTNER, Sr., P.J., LAWRENCE G. CRAHAN, J., and GEORGE W. DRAPER, III, J.

## OPINION

PER CURIAM.

Appellant, Timothy J. Doyle, ("appellant"), appeals from the judgment of the Circuit Court of St. Louis County granting respondents', Kennedy Heating and Service, Inc. and Nicholas Dattoli, ("respondents"), motion for new trial. We affirm.

On March 3, 1992, appellant, a construction worker, was struck by respondent Kennedy Heating and Service, Inc.'s van while appellant was working as a flagman at a highway construction site in St. Louis County. The van was driven by respondent Nicholas Dattoli. Appellant sustained serious bodily injuries to his joint, pelvis, left leg, and shoulder. In addition, he suffered a concussion and a fractured skull.

On May 20, 1998, appellant filed a suit against respondents. After trial, the jury assessed damages in the amount of $400,000.00 and assessed comparative fault against appellant in the amount of 40%, thereby returning a verdict against respondents in the amount of $240,000.00. The trial court entered judgment in accord with the jury's verdict.

On September 27, 1999, respondents filed their joint motion for judgment notwithstanding the verdict, or in the alternative, motion for new trial. A hearing was held on November 1, 1999. Evidence was adduced showing that one juror failed to disclose information during voir dire. Specifically, the juror failed to disclose that she and her husband filed for bankruptcy in California on May 9, 1994, in order to be discharged from $14,000.00 in unsecured debt. The juror admitted that she heard respondents' counsel's question regarding anyone that filed for bankruptcy. She testified that her reason for not disclosing the bankruptcy was that she did not think it was important. The juror was the foreperson of the jury that returned a verdict which was signed by nine of the twelve jurors. After hearing, the trial court found that the juror intentionally withheld material information. The trial court granted respondents' motion for new trial. Appellant appeals.

On his sole point on appeal, appellant argues the trial court erred in granting respondents' motion for new trial. Appellant concedes the juror's nondisclosure was intentional. However, he argues the juror's nondisclosure of her bankruptcy in California, more than five years prior to

the trial, was not material information in determining her impartiality to sit as a juror in a personal injury car accident case.

 "The determination of nondisclosure is left to the discretion of the trial judge whose ruling is disturbed only by showing abuse of discretion." *Wingate v. Lester E. Cox Medical Center*, 853 S.W.2d 912, 917 (Mo. banc 1993). The trial court abuses its discretion if its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* If reasonable individuals can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Id.*

 "If a juror intentionally withholds material information requested on voir dire, bias and prejudice are inferred from such concealment." *Williams By Wilford v. Barnes Hosp.*, 736 S.W.2d 33, 37 (Mo. banc 1987). If intentional nondisclosure of material information by a juror is found, then, bias and prejudice must be presumed to have influenced the juror's verdict. *Brines By and Through Harlan v. Cibis*, 882 S.W.2d 138, 140 (Mo. banc 1994). "Only where a juror's intentional nondisclosure does not involve a material issue, or where the nondisclosure is *unintentional*, should the trial court inquire into prejudice." *Id.* "[Q]uestions and answers pertaining to a prospective juror's prior litigation experience are material." *Id.* "The fact that a prospective juror has been sued as a defendant or has prosecuted cases as a plaintiff may cause the juror to be predisposed to defendants or to plaintiffs, as the case may be. The possibility of that predisposition makes the questions and answers material." *Id.* Prior litigation experience includes bankruptcy cases. *Schultz v. Heartland Health*

*System, Inc.*, 16 S.W.3d 625, 627 (Mo.App. W.D.2000). "A juror is not to be the judge of her own qualifications." *Seaton v. Toma*, 988 S.W.2d 560, 562 (Mo.App. S.D. 1999).

In the case at bar, one of the jurors, the foreperson, intentionally withheld her bankruptcy case information during voir dire. Her prior litigation experience in the nature of her bankruptcy case is material information. Therefore, she intentionally withheld material information during voir dire. As a result, bias and prejudice are presumed to have influenced her verdict. Thus, the trial court did not err in granting the motion for new trial.

 However, we are compelled to note that granting a motion for new trial in these types of situations are not favored, especially when the lawyers could have prevented this by bringing forth their allegations prior to jury deliberation, so that the jurors involved could be replaced with alternates.[1] It does not make sense, with respect to judicial economy, to wait until after trial, to bring allegations of juror's intentional nondisclosure of material information. As Judge Holstein pointed out in his dissent in *Brines By and Through Harlan v. Cibis*, 882 S.W.2d 138, 142 (Mo. banc 1994):

> A new trial subjects the courts, defendant and taxpayer to substantial cost. The egregiousness of invading a party's potential right to exercise peremptory challenge for obscure reasons pales when compared to the substantial burdens of a new trial order when no prejudice occurred. The benefit of a new trial is de minimis in a case where neither party was at fault and the juror had not been shown to be disqualified because of a predisposition in favor of or against either of the parties.

It appears this is becoming a strategy for sandbagging by losing parties. We

---

1. This statement does not necessarily refer to the lawyers in this case. Here, the record does not reveal the lawyers were aware of the jury foreperson's nondisclosure prior to the jury's deliberation.

strongly encourage parties who have information about possible allegations of juror's intentional nondisclosure prior to jury deliberation to bring it forth before the case is given to the jury.

We affirm the judgment of the trial court granting a motion for new trial.