550 S.E.2d 282

The STATE, Petitioner,

v.

Derrick Bernard WOODS, Respondent.

No. 25318.

Supreme Court of South Carolina.

Heard April 3, 2001.

Decided July 16, 2001.

584

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, and Assistant Attorney General Toyya Brawley Gray, all of Columbia; and Solicitor Thomas E. Pope, of York, for petitioner.

Deputy Chief Attorney Joseph L. Savitz, III, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

PLEICONES, Justice:

We granted certiorari to review a decision of the Court of Appeals granting respondent a new trial. The Court of Appeals held respondent was entitled to a new trial because a seated juror failed to disclose that she had worked as a volunteer victims' advocate in the prosecuting office. *State v. Woods,* 338 S.C. 561, 527 S.E.2d 128 (Ct.App.2000). We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In August of 1998 respondent was convicted of possession with intent to distribute (PWID) crack cocaine and PWID within proximity of a park.

After the jury returned its verdict, but before the court imposed sentence, defense counsel moved for a new trial on the basis of after-discovered evidence. The after-discovered evidence consisted of information, made known to respondent after the trial, that a juror ("Juror B") had for three years worked as a volunteer victims' advocate in the solicitor's office which prosecuted the case. The court held an evidentiary

hearing to consider the motion. At the hearing, Juror B testified that she had worked as a volunteer victims' advocate in the solicitor's office "off and on for about a good three years" ending in 1998. Juror B added that her job did not entail significant interaction with the attorneys employed in the solicitor's office.

The trial court denied the motion for a new trial, finding respondent had failed to show Juror B intentionally concealed information. The court further found Juror B had not been biased in favor of the State. Respondent appealed. The Court of Appeals, citing *State v. Gulledge*, 277 S.C. 368, 287 S.E.2d 488 (1982), reversed the trial court's denial of respondent's motion for a new trial because "the juror did not justify her failure to disclose" the information sought during *voir dire*. We granted the State's petition for certiorari to review the Court of Appeals' decision.

During *voir dire*, the court asked potential jurors the following questions:

Question 1:

Now you can tell me are you friends or casual acquaintances with any of them [i.e., the attorneys involved in the trial] or business associates or social acquaintances with any of them, that would also include having been represented by any of them in the past[?][I]f so please stand.

Question 2:

Ladies and gentlemen, are any of you contributors to or supporters of any organization which has as its primary function the promotion of law enforcement or protection of victims' rights such as MADD, SADD, CAVE, or the like[?] [I]f so please stand.

Several jurors responded affirmatively to the questions above. However, Juror B did not respond to either question. Juror B was subsequently seated as a juror in the case. When Juror B's name was drawn, respondent had one peremptory challenge remaining.

Juror B testified that she did not recall the judge asking Question 2, and that she would have responded had she heard the question. She qualified her response by stating, "it just didn't synchronize if I heard it, but I'm not doubting that it

hadn't been said but it just didn't synchronize because I came into court with a clear mind." She testified that she responded affirmatively to a similar question when asked on *voir dire* at a subsequent trial during the same term of court.

Juror B gave conflicting testimony regarding Question 1. Initially, she admitted hearing the question, but said she did not think it applied to her. She then said she could not recall the question being asked. When respondent's attorney read the question from the transcript, she replied that the question "didn't phase [sic][her]," implying that she heard the question, but chose not to respond.

## ISSUE

Did the Court of Appeals err in reversing the trial court's denial of respondent's motion for a new trial based on after-discovered evidence?

## ANALYSIS

All criminal defendants have the right to a trial by an impartial jury. U.S. CONST. amends. VI and XIV; S.C. CONST. art. I, § 14. To protect both parties' right to an impartial jury, the trial judge must ask potential jurors whether they are aware of any bias or prejudice against a party. *State v. Kelly*, 331 S.C. 132, 502 S.E.2d 99 (1998). "Through the judge, parties have a right to question jurors on their *voir dire* examination not only for the purpose of showing grounds for a challenge for cause, but also, within reasonable limits, to elicit such facts as will enable them intelligently to exercise their right of peremptory challenge." *Gulledge,* 277 S.C. at 370, 287 S.E.2d at 490.

When a juror conceals information inquired into during *voir dire,* a new trial is required only when the court finds the juror intentionally concealed the information, and that the information concealed would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges. *Thompson v. O'Rourke,* 288 S.C. 13, 15, 339 S.E.2d 505, 506 (1986). Where a juror, without justification, fails to disclose a relationship, it may be inferred, nothing to the contrary appearing, that the juror is

not impartial. On the other hand, where the failure to disclose is innocent, no such inference may be drawn. *State v. Savage*, 306 S.C. 5, 409 S.E.2d 809 (Ct.App.1991).

In *Kelly*, we stated that the first inquiry in the juror disqualification analysis is whether the juror intentionally concealed the information during *voir dire*. *Kelly*, 331 S.C. at 146, 502 S.E.2d at 106–07. However, in *Kelly* we did not precisely define what constitutes an intentional concealment.

■ We hold that intentional concealment occurs when the question presented to the jury on *voir dire* is reasonably comprehensible to the average juror and the subject of the inquiry is of such significance that the juror's failure to respond is unreasonable. Unintentional concealment, on the other hand, occurs where the question posed is ambiguous or incomprehensible to the average juror, or where the subject of the inquiry is insignificant or so far removed in time that the juror's failure to respond is reasonable under the circumstances.

■ Necessarily, whether a juror's failure to respond is intentional is a fact intensive determination which must be made on a case by case basis.

Other jurisdictions have recognized similar distinctions between intentional and unintentional juror concealment. For example, the Missouri Supreme Court distinguished intentional from unintentional concealment as follows:

Intentional nondisclosure occurs: 1) where there exists no reasonable inability to comprehend the information solicited by the question asked of the prospective juror, and 2) where it develops that the prospective juror actually remembers the experience or that it was of such significance that his purported forgetfulness is unreasonable.

Unintentional nondisclosure exists where, for example, the experience forgotten was insignificant or remote in time, or where the venireman reasonably misunderstands the question posed.

*Williams By and Through Wilford v. Barnes Hosp.*, 736 S.W.2d 33, 36 (Mo.1987).

■ The State argues that because respondent has not shown that he was prejudiced by Juror B's responses, the

Court of Appeals' decision was erroneous. We disagree. The test pronounced in *Thompson v. O'Rourke, supra,* makes clear that where a juror's response to *voir dire* amounts to an intentional concealment, the movant need only show that the information concealed would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges. Where the juror's failure to disclose information is "without justification," i.e., intentional, the juror's bias will be inferred. Conversely, where the failure to disclose is innocent, no inference of bias can be drawn. *See Savage,* 306 S.C. at 8, 409 S.E.2d at 810. *See also Doyle v. Kennedy Heating & Service, Inc.,* 33 S.W.3d 199, 201 (Mo.Ct.App.2000) ("If a juror intentionally withholds material information requested on *voir dire,* bias and prejudice are inferred from such concealment. . . . Only where a juror's intentional nondisclosure does not involve a material issue, or where the nondisclosure is *unintentional,* should the trial court inquire into prejudice." (Emphasis in original)).

■ Applying this analysis to the instant case, we find the concealment was intentional. Questions 1 and 2 were reasonably comprehensible and should have elicited a positive response from Juror B. Juror B worked as a volunteer victims' advocate for a period of three years in the solicitor's office which prosecuted the case. There is no question she remembered the experience.

Question 1 unambiguously sought a response from any juror having a business association with any of the attorneys trying the case. Despite her prior three year relationship with the prosecuting attorney's office, Juror B did not respond. Her contention that she did not hear the question when asked, or that if she heard the question, she did not realize it applied to her, cannot excuse her failure to respond.

Similarly, her failure to respond in the affirmative to Question 2 amounted to an intentional concealment. Juror B had for three years performed volunteer work for an organization whose primary function was the protection of victims' rights. She offered inconsistent explanations for her failure to respond, alternately contending that she did not hear the question and that she failed to comprehend its application to her position as victims' advocate. The question was reasonably

590

comprehensible. Its application to Juror B was clear. This finding is further supported by the fact that Juror B responded affirmatively to a similar question on *voir dire* at a later trial during the same term of court.

 Having found that Juror B intentionally concealed information on *voir dire*, we must determine if the information concealed would have supported a challenge for cause or would have been a material factor in the use of respondent's peremptory challenges. *See Thompson v. O'Rourke, supra.* A juror should be disqualified by the court if it appears to the court the juror is not indifferent in the case. The decision to strike a juror for cause is within the sound discretion of the trial judge. *Abofreka v. Alston Tobacco Co.,* 288 S.C. 122, 341 S.E.2d 622 (1986).

Because Juror B did not respond to any of the questions asked during *voir dire,* any potential biases she might have had toward the State were not discovered until after the trial. No motion to disqualify Juror B was made, thus there is no discretionary ruling by the trial judge for this Court to review. However, we need not decide whether her relationship with the solicitor's office would support a challenge for cause because we find her failure to disclose the relationship prevented the respondent's intelligent exercise of his peremptory challenges.

When Juror B's name was selected from the venire, respondent had one peremptory challenge remaining. Respondent's trial counsel stated that had he known of Juror B's relationship with the solicitor's office, he would have used a peremptory challenge to remove her from the jury. Nothing in the record refutes this assertion. It is reasonable to conclude that a juror's previous three year relationship as a victims' advocate with the prosecuting solicitor's office would be a material factor in the use of a criminal defendant's peremptory challenges.

## CONCLUSION

Because Juror B failed to respond to questions on *voir dire* which clearly applied to her, and because her concealment deprived respondent of information material to his intelligent

use of peremptory challenges, we AFFIRM the decision of the Court of Appeals.

TOAL, C.J., WALLER, J., and Acting Justice GEORGE T. GREGORY, Jr., concur.

BURNETT, J., dissenting in a separate opinion.

BURNETT, Justice:

I respectfully dissent. While Juror B did not respond to two *voir dire* questions, the record does not support the majority's conclusion that she intentionally concealed information from the parties. Accordingly, I would reverse the decision of the Court of Appeals granting respondent a new trial. *State v. Woods,* 338 S.C. 561, 527 S.E.2d 128 (Ct.App. 2000).

During *voir dire*, the trial judge asked the following question (Question 1):

> Now can you tell me are you friends or casual acquaintances with any of them [i.e., the attorneys involved in the trial] or business associates of social acquaintances with any of them ... ?

No juror responded.

The trial judge later inquired (Question 2):

> Ladies and gentlemen, are any of you contributors to or supporters of any organization which has as its primary function the promotion of law enforcement or protection of victim's rights such as MADD, SADD, CAVE, or the like ... ?

At the new trial hearing, the trial judge informed Juror B the parties were interested in her participation as a victim advocate with the Solicitor's Office. Juror B stated she had volunteered as a victim advocate with the Solicitor's Office. When defense counsel referred generally to the *voir dire,* Juror B stated: "I may have misunderstood or didn't hear [the trial judge] but he didn't mention anything about an advocate that I heard. You know, being an advocate you're not eligible and so forth, not for this particular trial."

Defense counsel then questioned Juror B specifically about her responses to the *voir dire* questions. At first, Juror B

agreed she heard the trial judge ask Question 1, but did not believe it applied to her as a victim's advocate. Thereafter, she stated she did not recall Question 1 being asked. Finally, after defense counsel showed her the transcript from the *voir dire,* Juror B stated:

> Yes. Well see, that wouldn't, that didn't phase [sic] me. I was under the impression that you were talking about, you know, the victim or you all because I don't have anything to do with. Like I never spoken to you.

Regarding whether she recalled the trial judge asking Question 2, Juror B responded:

> No, if I had I would have stepped up. I heard some things on the second time that they called me to be a juror and then I stood up ... I don't know. It just didn't synchronize if I heard it, but I'm not doubting that it hadn't been said but it just didn't synchronize because I came into court with a clear mind. And I have no problems. I cannot associate one thing with another. And I had no association with that at all.

Finding Juror B did not intentionally refuse to respond to the *voir dire* questions, the trial judge denied respondent's motion for a new trial.

A trial judge's denial of a new trial motion will not be disturbed on review absent an abuse of discretion. *State v. Kelly,* 331 S.C. 132, 502 S.E.2d 99 (1998). Where a juror fails to respond to *voir dire* questions:

> [A new trial] is required only when the court finds the [intentionally] concealed information would have supported a challenge for cause or would have been a material factor in the use of the party's peremptory challenges. The inquiry must focus on the character of the concealed information, not on the mere fact that a concealment occurred.

*Id.* at 146, 502 S.E.2d at 106 (brackets in original) *quoting Thompson v. O'Rourke,* 288 S.C. 13, 15, 339 S.E.2d 505, 506 (1986).

The question before the Court is whether Juror B intentionally concealed the fact that she had volunteered as a victim advocate with the Solicitor's Office. Juror B's responses to defense counsel's inquiries do not suggest that she intentional-

ly refused to inform the parties about her victim advocate experience. Juror B's response that Question 1 "didn't phase [sic] her" did not necessarily imply, as the majority assumes, that she intentionally chose to conceal information. Her response just as easily implies that she did not believe an affirmative response was required because, although she had worked in conjunction with the Solicitor's Office, she did not know the prosecutor involved with the trial. Juror B had justification for not responding to the question. *Compare State v. Savage*, 306 S.C. 5, 409 S.E.2d 809 (Ct.App.1991) (trial judge did not err by refusing to grant mistrial where juror refused to disclose relationship as result of an honest mistake) *with State v. Gulledge*, 277 S.C. 368, 287 S.E.2d 488 (1982) (trial judge should have granted mistrial where juror failed to provide any justification for failing to disclose relationship with witness). Further, as she acknowledged, Juror B's failure to respond to Question 2 was due to her inattentiveness, not to an intentional refusal to respond to the inquiry. *State v. Savage, supra.*

I concur with the majority's assertion that whether a juror's failure to respond to a particular *voir dire* question is "a fact intensive determination which must be made on a case by case basis." Where a decision rests on a "fact intensive determination," the Court should defer to the trial judge's assessment of the juror's credibility. *State v. Harris*, 340 S.C. 59, 530 S.E.2d 626 (2000) (trial judge is in the best position to determine the credibility of the jurors). Here, the trial judge had the opportunity to assess Juror B's candor and he determined she did not intentionally conceal information from the parties. I would affirm the trial judge's refusal to grant a new trial. *State v. Loftis*, 232 S.C. 35, 100 S.E.2d 671 (1957) (refusing to interfere with the discretion of a trial judge in matters involving the jury because trial judge has opportunity to consider credibility of jurors).