THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Corey L. Sparkman,       
Appellant.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2003-UP-165
Submitted January 10, 2003  Filed February 
 27, 2003   

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia; 
 for Appellant.
Attorney General Henry Dargan McMaster
Chief Deputy Attorney General John W. McIntosh
Assistant Deputy Attorney General Charles H. Richardson, of 
 Columbia; John Gregory Hembree, of Conway; for Respondent.
 
 
 

PER CURIAM:  A jury found Corey Sparkman guilty 
 of armed robbery, and he was sentenced to twenty years in prison.  Sparkman 
 appeals his conviction, arguing that his motion for a mistrial should have been 
 granted because the jury foreman failed to reveal he had been a victim of a 
 serious crime.  We affirm.
II.  FACTS/PROCEDURAL HISTORY
Sparkman was accused of robbing the assistant manager 
 of a Days Inn in Myrtle Beach.  He and another man supposedly demanded money 
 from the assistant manager, and when the manager stated that he did not have 
 the combination to the safe, the other perpetrator, not Sparkman, stabbed the 
 manager. The manager testified that, after being stabbed, he was hit on the 
 head by Sparkman. The manager blacked out and called the police as soon as he 
 recovered.  He described his attackers to the police, and several days later, 
 he picked out Sparkmans picture from the three books of photographs the police 
 showed him. Two days later, he looked at another photo line-up, this one having 
 a different picture of Sparkman included, and the manager again recognized Sparkman 
 as his attacker. The managers identification of Sparkman was the only evidence 
 that linked Sparkman to the scene.  Sparkman claimed that he was with his family, 
 mourning the loss of his stepfather, at the time of the robbery, and he presented 
 alibi witnesses in his defense. 
The jury asked the judge numerous questions during 
 deliberations, and after six-and-a-half hours, the jurors told the judge they 
 were deadlocked. The judge gave them an Allen 
 [1] charge, and an hour-and-a-half later, the jury reached a guilty verdict.  
 Because it was late in the evening, sentencing was postponed until the next 
 morning.  During the time between reaching a verdict and sentencing, a member 
 of the jury contacted the public defenders office because she was concerned 
 the jury foreman had made his decision based on something that had happened 
 to him in the past.  She said that during deliberations, the foreman told his 
 fellow jurors that he had been attacked before and that he believed once someone 
 does something to you their face you would never forget.  
The public defenders office brought this information 
 about the foremans potential bias to the attention of the trial judge.  The 
 judge questioned the foreman about the matter, and the foreman stated that he 
 remembered being asked during voir dire whether he had ever been the 
 victim of a serious crime.  He explained that he did not respond affirmatively 
 because he did not remember the attack until jury deliberations.  In describing 
 the attack, the foreman said that roughly forty years ago, two strangers attacked 
 him and his girlfriend (who later became his wife) in a park. He was hit approximately 
 four times and lost a part of his tooth, and his girlfriend was slapped.  No 
 one was ever arrested in the incident. The foreman stated that he did not believe 
 the attack amounted to a serious crime. 
After listening to the foremans description of the 
 experience, the judge asked the foreman whether the attack prevented him from 
 giving Sparkman a fair trial.  The foreman stated that it did not.  The judge 
 then asked the jury members individually whether the story relayed to them by 
 the foreman impacted their verdict, and each juror stated that the story had 
 no effect on the verdict.  The judge also asked each juror whether the story 
 was told before or after they were given the Allen charge, and each juror 
 who could remember the timeline of events stated that the story was told to 
 them before the charge.  
The defense moved for a mistrial, arguing that the 
 defendant was prejudiced by the foremans failure to reveal the attack.  According 
 to the defense attorney, if he had known of the incident, he would have used 
 one of his peremptory strikes to excuse the juror.   The judge denied the motion, 
 finding that the foremans nondisclosure was unintentional and that the defendant 
 was not prejudiced because all of the jurors who remembered the statement swore 
 under oath that the story had no impact on their decision.  Sparkman appeals 
 that ruling.
III.  DISCUSSION
A defendant is entitled to a 
 new trial when a juror conceals information inquired into during voir dire 
 if the court finds [1] that the juror intentionally concealed the information, 
 and [2] that the information concealed would have supported a challenge for 
 cause or would have been a material factor in the use of the partys peremptory 
 challenges.  State v. Woods, 345 S.C. 583, 588, 550 S.E.2d 282, 284 (2001) 
 (citing Thompson v. ORourke, 288 S.C. 13, 15, 339 S.E.2d 505, 506 (1986)).  
 Therefore, our first inquiry is whether the foreman intentionally concealed 
 information during voir dire.  State v. Kelly, 331 S.C. 132, 146, 
 502 S.E.2d, 99, 106-107 (1998).  
To determine whether a juror 
 intentionally conceals an answer to a voir dire question, the judge must 
 consider whether the question was reasonably comprehensible to the average juror 
 and whether the subject of the inquiry is so significant that it was unreasonable 
 for the juror not to respond.  Woods. 345 S.C. at 588, 550 S.E.2d at 
 284.  An unintentional concealment of information occurs when the question is 
 ambiguous or confusing to the average juror, or when the subject inquired into 
 is so insignificant or remote in time that under the circumstances, the jurors 
 failure to respond is reasonable. Id.
Here, the trial judge 
 found no evidence that the foreman intentionally concealed the attack he experienced 
 forty years ago and denied the defense counsels motion for a mistrial.  Appellate 
 courts favor the wide discretion of the trial judge in determining the merits 
 of a mistrial motion, and the trial judges decision to grant or deny a motion 
 for a mistrial will not be overturned absent an abuse of discretion.  State 
 v. Patterson, 337 S.C. 215, 226, 522 S.E.2d 845, 851 (Ct. App. 1999);   
 see also  State v. Covington, 343 S.C. 157, 539 S.E.2d 67 (Ct. 
 App. 2000) (stating that when a motion for a new trial is based upon allegations 
 that a jurors answers on voir dire were incomplete or misleading, the 
 trial judges denial of that motion will be affirmed absent a prejudicial abuse 
 of discretion).  In this case, the foreman testified that the attack occurred 
 many years ago and no arrest was ever made.  Furthermore, the foreman explained 
 that he did not recall the event until jury deliberations, and that even if 
 he had recalled the incident during voir dire he would not have considered 
 the attack to be a serious crime.  Based on those facts, the trial judge did 
 not abuse his discretion when he found the foremans concealment unintentional.
Because the jury foreman 
 did not intentionally conceal the information about being attacked, we need 
 not determine whether the information would have supported a challenge for cause 
 or would have been a material factor in the defenses use of a peremptory challenge.  
 Kelly, 331 S.C. at 146, 502 S.E.2d, at 106-107.  As there was no intentional 
 concealment, Sparkman is not entitled to a new trial. See Woods, 
 345 S.C. at 588, 550 S.E.2d at 284.
Accordingly, the decision of the trial judge is
AFFIRMED.
HEARN, C.J., GOOLSBY and SHULER, JJ., concur.

 
 [1] Allen v. U.S., 164 U.S. 492 (1896).