**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Philip Ethier and Jeanne Ethier, Appellants,

v.

Fairfield Memorial Hospital; Guy R. Bibeau, M.D.; Tuomey Medical Professionals, Inc.; and Pee Dee Emergency Medical Associates, PA, Defendants,

Of whom Guy R. Bibeau, M.D. is the Respondent.

Appellate Case No. 2015-001964

———————

Appeal From Fairfield County
Roger L. Couch, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-281
Heard April 11, 2018 – Filed June 27, 2018

———————

**AFFIRMED**

———————

Ronald Brian Cox and Robert David Proffitt, both of Proffitt & Cox, LLP, of Columbia, for Appellants.

David Cornwell Holler and G. Murrell Smith, Jr., both of Lee, Erter, Wilson, Holler & Smith, LLC, of Sumter, Stanley Lamont Myers, Sr., of Moore Taylor Law Firm, P.A., of West Columbia, and Andrew F. Lindemann, of

Lindemann, Davis & Hughes, PA, of Columbia, for Respondent.

_____

**PER CURIAM:**  In this medical malpractice action, Philip Ethier and Jeanne Ethier appeal the trial court's ruling Mrs. Ethier could not recover on her loss of consortium claim because the jury found Mr. Ethier more negligent than defendant Dr. Guy R. Bibeau.  In addition, they appeal the trial court's denial of their motion for a new trial based on a juror's failure to disclose during voir dire her working relationship with Dr. Bibeau and two nurses who were defense witnesses and juror misconduct before and during deliberations.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Mrs. Ethier's loss of consortium claim: *Lee v. Bunch*, 373 S.C. 654, 663, 647 S.E.2d 197, 202 (2007) ("Generally, a plaintiff spouse's claim for loss of consortium fails if the impaired spouse's claim fails, whether the claim is considered separate and independent from the impaired spouse's claim or derivative in nature." (quoting 41 Am. Jur. 2d *Husband and Wife* § 227 (2007))); *Smith v. Ridgeway Chem., Inc.*, 302 S.C. 303, 307, 395 S.E.2d 742, 744 (Ct. App. 1990) (holding husband was not prejudiced by trial court's refusal to submit husband's strict liability claim to the jury when the jury found the wife was not entitled to recover on the strict liability issue).

2.  As to the alleged concealment during voir dire: *Lynch v. Carolina Self Storage Ctrs., Inc.*, 409 S.C. 146, 155, 760 S.E.2d 111, 116 (Ct. App. 2014) (stating in determining whether concealment during voir dire warrants a new trial, the court first must find the juror intentionally concealed the information and "[i]f the court find no intentional concealment occurred, the inquiry ends there"); *State v. Woods*, 345 S.C. 583, 588, 550 S.E.2d 282, 284 (2001) ("[I]ntentional concealment occurs when the question presented to the jury on *voir dire* is reasonably comprehensible to the average juror and the subject of the inquiry is of such significance that the juror's failure to respond is unreasonable."); *id.* (stating unintentional concealment occurs when "the question posed is ambiguous or incomprehensible to the average juror, or [when] the subject of the inquiry is insignificant or so far removed in time that the juror's failure to respond is reasonable under the circumstances").

3.  As to the Ethiers' arguments concerning juror misconduct: Rule 606(b), SCRE ("Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or

emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror."); *State v. Zeigler*, 364 S.C. 94, 110, 610 S.E.2d 859, 867 (Ct. App. 2005) ("External influence on a jury involves situations where jurors receive information during deliberations from some outside source."); *id.* ("Internal influences involve information coming from the jurors themselves."); *State v. Hunter*, 320 S.C. 85, 88, 463 S.E.2d 314, 316 (1995) ("Normally, juror testimony involving internal misconduct is competent only when necessary to ensure due process, i.e. fundamental fairness."); *Vestry & Church Wardens of Church of Holy Cross v. Orkin Exterminating Co.*, 384 S.C. 441, 447, 682 S.E.2d 489, 493 (2009) (stating in order to warrant a new trial on the ground of juror misconduct, the "misconduct of the jury must relate to a material matter in dispute and must be such as to indicate an influence of bias or prejudice in the minds of the jurors" (quoting C.J.S. *New Trial* § 54 (1998))); *id.* at 446, 682 S.E.2d at 492 (stating the relevant factors in determining whether improper influences have affected the jury include: "(1) the number of jurors exposed, (2) the weight of the evidence properly before the jury, and (3) the likelihood that curative measures were effective in reducing the prejudice"); *State v. Aldret*, 333 S.C. 307, 315, 509 S.E.2d 811, 814 (1999) (stating a "party claiming juror misconduct has [the] burden to prove prejudice by clear and convincing evidence"); *State v. Bantan*, 387 S.C. 412, 423, 692 S.E.2d 201, 206 (Ct. App. 2010) ("[T]he trial court is in the best position to determine the credibility of the jurors; therefore, this court should grant it broad deference on this issue." (citing *State v. Kelly*, 331 S.C. 132, 142, 502 S.E.2d 99, 104 (1998))).[1]

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] The Ethiers do not challenge the trial court's ruling the Ethiers' argument regarding juror misconduct during the deliberations failed because the evidence involved internal influences, and thus was inadmissible. Accordingly, this ruling is the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").