**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Courtney Leola Price, Appellant.

Appellate Case No. 2016-000528

Appeal From Orangeburg County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2019-UP-294
Submitted June 1, 2019 – Filed August 21, 2019

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

**PER CURIAM:** Courtney Leola Price appeals her conviction for voluntary manslaughter and sentence of fifteen years' imprisonment. On appeal, Price argues

the trial court erred by (1) admitting a hearsay statement and (2) failing to exclude a juror.  We affirm.

1.  We find the the trial court erred by admitting the hearsay statement of Beverly Price into evidence.  *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 57-58 (2011) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." (quoting *State v. Williams*, 386 S.C. 503, 509, 690 S.E.2d 62, 65 (2010))); *State v. Whitner*, 380 S.C. 513, 517, 670 S.E.2d 655, 658 (Ct. App. 2008) ("A trial court abuses its discretion when its conclusions are controlled by an error of law or lack evidentiary support."); *State v. Gray*, 408 S.C. 601, 608, 759 S.E.2d 160, 164 (Ct. App. 2014) ("A trial court has particularly wide discretion in ruling on Rule 403[, SCRE] objections." (quoting *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012))); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Sims*, 348 S.C. 16, 20, 558 S.E.2d 518, 520 (2002) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." (quoting Rule 801(c), SCRE)); *id.* ("An excited utterance is a 'statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.'" (quoting Rule 803(2), SCRE)); *State v. Davis*, 371 S.C. 170, 179, 638 S.E.2d 57, 62 (2006) ("[S]tatements which are not based on firsthand information, such as where the declarant was not an actual witness to the event, are not admissible under the excited utterance exception to the hearsay rule."); *State v. Ladner*, 373 S.C. 103, 116, 644 S.E.2d 684, 691 (2007) ("[T]here are three elements that must be met to find a statement to be an excited utterance: (1) the statement must relate to a startling event or condition; (2) the statement must have been made while the declarant was under the stress of excitement; and (3) the stress of excitement must be caused by the startling event or condition.").

However, we find the error harmless beyond a reasonable doubt.  *See State v. Thompson*, 352 S.C. 552, 562, 575 S.E.2d 77, 83 (Ct. App. 2003) ("Whether an error is harmless depends on the circumstances of the particular case."); *id.* ("Error is harmless when it could not reasonably have affected the result of the trial."); *id.* ("Where a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed."); *State v. Black*, 400 S.C. 10, 27-28, 732 S.E.2d 880, 890 (2012) ("In determining harmless error regarding any issue of witness credibility, we will consider the importance of the witness's testimony to the prosecution's case, whether the witness's testimony was

cumulative, whether other evidence corroborates or contradicts the witness's testimony, the extent of cross-examination otherwise permitted, and the overall strength of the State's case." (quoting *State v. Fossick*, 333 S.C. 66, 70, 508 S.E.2d 32, 34 (1998))).

2.  We find the trial court did not err in failing to replace Juror 36, as the juror did not intentionally conceal a social relationship during voir dire.  *See State v. Robinson*, 410 S.C. 519, 526, 765 S.E.2d 564, 568 (2014) ("In criminal cases, appellate courts sit to review errors of law only, and are therefore bound by the trial court's factual findings unless clearly erroneous."); *State v. Woods*, 345 S.C. 583, 587, 550 S.E.2d 282, 284 (2001); ("All criminal defendants have the right to a trial by an impartial jury."); *id.* ("To protect both parties' right to an impartial jury, the trial [court] must ask potential jurors whether they are aware of any bias or prejudice against a party."); *State v. Coaxum*, 410 S.C. 320, 327, 764 S.E.2d 242, 245 (2014) ("Should jurors give false or misleading answers during voir dire, the parties may mistakenly seat a juror who could have been excused by the court, challenged for cause by counsel, or stricken through the exercise of a peremptory challenge."); *id.* at 328, 764 S.E.2d at 245 ("In the face of a juror's intentional nondisclosure of pertinent information during voir dire, 'it may be inferred, nothing to the contrary appearing, that the juror is not impartial.'" (quoting *Woods*, 345 S.C. at 587-88, 550 S.E.2d at 284)); *id.* at 328, 764 S.E.2d at 246 ("In contrast, if a juror's nondisclosure is unintentional, the trial court may exercise its discretion in determining whether to proceed with the trial with the jury as is, replace the juror with an alternate, or declare a mistrial."); *id.* at 328-29, 764 S.E.2d at 246 ("Paralleling the inquiry in cases of intentional concealment, the trial court in the unintentional concealment situation must determine whether the information concealed would have supported a challenge for cause or would have been a material factor in a party's exercise of its peremptory challenges."); *id.* at 330, 764 S.E.2d at 247 ("[A] new trial is *required* only when the court finds the juror *intentionally* concealed the information . . . ." (quoting *State v. Stone*, 350 S.C. 350 S.C. 442, 448, 567 S.E.2d 244, 247 (2002))).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.