**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dustin Geoffrey Ready, Appellant.

Appellate Case No. 2021-000598

———————

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-385
Submitted November 1, 2023 – Filed December 6, 2023

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor W. Walter Wilkins, III, of
Greenville, all for Respondent.

———————

**PER CURIAM:** Dustin Geoffrey Ready appeals his conviction for first-degree criminal sexual conduct with a minor (CSCM) and sentence of thirty years' imprisonment. On appeal, Ready argues the trial court abused its discretion by

refusing to ask a requested question during voir dire. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by refusing to ask Ready's requested question because the question required potential jurors to determine if they would believe a certain type of witness—here, a child—prior to the start of trial. *See State v. Wise*, 359 S.C. 14, 23, 596 S.E.2d 475, 479 (2004) ("The scope of voir dire and the manner in which it is conducted are generally left to the sound discretion of the trial court."); *State v. McDonald*, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law."); *State v. Coaxum*, 410 S.C. 320, 327, 764 S.E.2d 242, 245 (2014) ("To protect both parties' right to an impartial jury, the trial court must conduct voir dire of the prospective jurors to determinate whether the jurors are aware of any bias or prejudice against a party, as well as to 'elicit such facts as will enable [the parties] intelligently to exercise their right of peremptory challenge.'" (quoting *State v. Woods*, 345 S.C. 583, 587, 550 S.E.2d 282, 284 (2001))); *Wall v. Keels,* 331 S.C. 310, 318, 501 S.E.2d 754, 757 (Ct. App. 1998) ("[A]s a general rule, the trial court is not required to ask all voir dire questions submitted by the attorneys."); *State v. Stanko*, 376 S.C. 571, 576, 658 S.E.2d 94, 96 (2008) ("To constitute reversible error, a limitation on questioning must render the trial fundamentally unfair."); *State v. Adams*, 279 S.C. 228, 235, 306 S.E.2d 208, 212 (1983) (holding a voir dire question asking whether a juror would "believe a police officer's testimony before that of a private citizen" impermissibly "call[ed] upon the juror to make a determination in his own mind as to whether one class of persons [wa]s more credible than another"), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991); *id.* ("A juror should not, prior to trial, be required to assert which witnesses he will believe nor what type of witness he will believe. This is true because a juror should believe those witnesses whose credibility appeal to him after he has heard all of the testimony.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.